Harlan Houston et al., Appellants, v. Village of Maywood, Appellee.

Gen. No. 46,930.

First District, Second Division.

September 25, 1956.

Released for publication November 27, 1956.

Stephen Jurco, of Chicago, for appellants; E. C. Frank Meier, of Chicago, of counsel.

Louis Ancel, of Chicago, for appellee; Jack M. Siegel, and Howard B. Bryant, both of Chicago, of counsel.

PRESIDING JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from the trial court's order granting defendant's motion to dismiss plaintiffs' complaint in equity. Plaintiff Houston, the owner of a trailer camp, and certain of his tenants, sought to invalidate the proceedings which annexed the property where the trailer camp was located to the defendant, Village of Maywood, and also sought to enjoin the enforcement of the ordinances of the defendant against the trailer camp and its tenants.

The facts are undisputed. The property owned by plaintiff Houston was located in an unincorporated area of Cook County, Illinois. It was bounded on the west and south by the Village of Maywood and on the east by the Forest Preserve District of Cook County. On September 11, 1947 the Forest Preserve District passed a resolution authorizing the filing of a petition for annexation of its territory which was contiguous to the Village. On August 6, 1948 a petition was filed in the county court, and after proper notice and hearing, the court ordered that the question of annexing the Forest Preserve property be submitted to the Village Board of the Village of Maywood. On August 31, 1948 the Village Board passed an annexation ordinance, incorporating the Forest Preserve District property into the Village of Maywood. As a result of the annexation the property of plaintiff Houston, an area of seven acres, was completely surrounded by the incorporated territories of the Village of Maywood

and the Village of River Forest. The property, being less than thirty acres, was thereafter on November 18, 1948, involuntarily annexed by ordinance of the Village of Maywood in accordance with the provisions of the statute. Ill. Rev. Stat. 1947, chap. 24, par. 7—11.

The Village of Maywood then sought to enforce against the plaintiffs its ordinance prohibiting trailer camps by instituting quasi-criminal proceedings for ordinance violations. Plaintiffs brought the present action.

Plaintiffs' principal contention on appeal is that the petition of the Forest Preserve District to annex a portion of its territory to the Village of Maywood was null and void because (1) it had no power to petition for annexation and (2) if it did have the power, it could not be done by mere order, but was an action which could only properly be taken by ordinance; that since the annexation of the property of the Forest Preserve District was void, the subsequent involuntary annexation of Houston's property was also void because the statutory circumstances necessary for involuntary annexation did not exist.

Defendant contends that the Forest Preserve District did have the power to petition for annexation, and could exercise that power by resolution.

The annexation of the Forest Preserve District property was in accordance with Ill. Rev. Stat. 1947, chap. 24, par. 7—2:

"Petition for annexation—Filing—Notice—Fee. A written petition, signed by a majority of the owners of record of land in such territory and also by a majority of the electors, if any, residing in such territory, shall be filed with the county clerk of the county in which the territory is located. The petition shall request the annexation of the territory to a specified municipality and also shall request that the judge of the county court of the specified county submit the

question of the annexation to the corporate authorities of the annexing municipality."

All the statutory steps were followed and plaintiffs make no objection to the form of the petition, the proceedings and order of the county court, or the form of the annexing ordinance adopted by the Village of Maywood. Plaintiffs contend that the Forest Preserve District is a municipal corporation having only those powers expressly granted and those necessarily incident thereto; that the Forest Preserve District Act [Ill. Rev. Stats. 1947, ch. 57½] does not expressly empower the district commissioners to petition for annexation; that the power to so petition is not necessarily incident to any of the express corporate purposes or powers of the Forest Preserve District; and that the district therefore does not have the power to petition for annexation and any such petition is null and void.

██ ██ The reasons for the organization of the Forest Preserve District are indicated by the stated purposes for which land may be acquired:

". . . for the purpose of protecting and preserving the flora, fauna and scenic beauties within such district, and to restore, restock, protect and preserve the natural forests and said lands together with their flora and fauna, as nearly as may be, in their natural state and condition, for the purpose of the education, pleasure and recreation of the public." Ill. Rev. Stat. 1947, chap. 57½, par. 5.

Statutes granting powers to municipal corporations are strictly construed. Arms v. City of Chicago, 314 Ill. 316. But a power may be implied even though it is not absolutely indispensable to the effective exercise of those powers expressly granted. People v. City of Chicago, 363 Ill. 409. It is true that there is no express provision in the statute empowering the district com-

missioners to petition for annexation, but it does, however, designate the Forest Preserve Board as the corporate authority of the district with power to pass and enforce all necessary ordinances, rules and regulations for the management of the district's property and conduct of its business. Ill. Rev. Stat. 1947, chap. 57½, par. 8. This broad provision necessarily implies that the board is vested with the discretion to determine what course of action will achieve the most successful and efficient management of the district's property. If annexation to an adjacent municipality will help to achieve the purposes of the district by aiding in the management of its property, and will not be inconsistent with any of the provisions of the Forest Preserve District Act, then such course of conduct cannot be said to be outside the implied powers of the district board.

██ ██ The Forest Preserve District Act clearly contemplates that a Forest Preserve District may lie within the corporate boundaries of a municipality. Paragraph 3a of the act provides that when a district is coextensive with a city or village, the corporate authorities of the municipality shall perform the functions of district commissioners. Paragraph 9, which provides that the district may have its own police force, makes that police force subject to the direction of the chief of police of any city or village in which the district land may lie. Thus the annexation in question would not result in a situation which is inconsistent with any provisions of the Forest Preserve District Act.

██ The benefits, if any, that the Village of Maywood might gain from this annexation is not a relevant consideration to the problem before us. The benefits to the property and purposes of the district, however, is relevant to the question of whether or not the board abused its implied discretionary powers in petitioning

438

for annexation. Paragraph 9 of the act clearly indicates that the policing of the district property will be improved by the additional aid of the Village's regular police force. The district property can further be expected to benefit from the fire and sanitation services that the Village provides for areas within its corporate boundaries. It is also apparent that harmonious co-operation between the district and Village authorities will not only benefit the district property, but should also result in economies that would benefit the taxpayers of the county.

The annexation does not deprive the district board of its specific powers nor of its duty to use the land for its statutory purposes. Title to the property remains in the district. We cannot assume that the Village will attempt to take over the annexed territory in utter disregard for the district's statutory powers and obligations. If conflicts arise it will become the province and duty of the courts to adjudicate the differences. West Chicago Park Com'rs v. City of Chicago, 152 Ill. 392, 38 N. E. 697.

We conclude, therefore, that under the statute the district has the implied power to petition for annexation.

██ Plaintiffs' further contention, that the district board's petition for annexation was null and void because it was authorized by resolution instead of by ordinance, is without merit. The general rule in this and other jurisdictions is that, where the charter of a municipality is silent as to the mode in which the governing body shall perform an act, the decision of the governing body may be evidenced by either a resolution or an ordinance. Only where the charter requires an act to be done by ordinance, or where such a requirement is implied by necessary inference, a resolution is insufficient. People v. City of Chicago, 363 Ill. 409; Chicago & Northern Pacific R. Co. v. City

of Chicago, 174 Ill. 439; People v. Mount, 186 Ill. 560; Collins v. City of Schenectady, 10 N.Y.S.2d 303; City of Barre v. Perry & Scribner (Vt.), 73 A. 574.

■ Paragraph 12 of the act generally authorizes the district board to act by ordinance, order and resolution. The power to petition for annexation is implied and so the statute does not specify whether such action is to be taken by ordinance or resolution. Thus the resolution was sufficient unless the requirement of an ordinance is implied by necessary inference. The filing of a petition for annexation cannot be deemed a legislative act, nor can it be said to establish a permanent rule. It simply constitutes the initial step necessary to the eventual passage of an annexation ordinance, which is the only legislative act involved. We do not consider this is a situation where the formality of an ordinance is required by necessary inference.

Since we had held that the district board had the power to petition for annexation and that it executed this power in a proper manner, the annexation of the district property by the Village of Maywood was valid—and it follows that the subsequent involuntary annexation of the plaintiffs' property was also valid.

Order affirmed.

SCHWARTZ and McCORMICK, JJ., concur.