People of the State of Illinois ex rel. Paul Rogers, et al., Plaintiffs-Appellants, v. City of Park Ridge, a Municipal Corporation, a Body Politic and Corporate, Defendant-Appellee.

Gen. No. 51,455.

First District, First Division.

July 31, 1967.

Rehearing denied and opinion modified October 11, 1967.

McLennon, McLennon & Nelson, of Park Ridge (Leo F. McLennon, of counsel), for plaintiffs-appellants.

Shaheen, Lundberg and Callahan, of Chicago (Edgar C. Lundberg, of counsel), for defendant-appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Plaintiffs appeal from an order of the trial court dismissing their complaint in quo warranto contesting the validity of three annexing ordinances of the City of Park Ridge. After a full hearing, the trial judge found the ordinances valid and dismissed the complaint.

In June and July, 1962, the City of Park Ridge, hereinafter referred to as "City," enacted three ordinances, Nos. 62–27, 62–30 and 62–34, annexing to the City three separate parcels of land, pursuant to section 7–1–13 of the Municipal Code (Ill Rev Stats 1961, c 24, § 7–1–13). This section permits the annexation of parcels of unincorporated territory of sixty acres or less which are wholly bounded by one or more municipalities or one or more municipalities and a river or lake.

After the passage of the above ordinances this quo warranto proceeding was instituted. At least one of the relators owned property or operated a business on each of the three parcels annexed. Leave having been granted

to file a complaint in quo warranto, relators alleged that the parcels annexed were not "surrounded territories" because the 1958 Ordinance No. 58–38, which purported to surround them, was null and void. In the alternative, they alleged that the three annexing ordinances were null and void for failure to comply with the statutory provisions governing annexation of surrounded territories.

Subsequent to the filing of the complaint, a petition requesting the annexation of the same territory that had been annexed by Ordinance No. 58–38, was filed with the City. The petition was signed by the President of the Board of Forest Preserve Commissioners and all three of the electors who resided on the territory described. The City then adopted Ordinance No. 62–41 annexing the Forest Preserve property as contiguous territory, pursuant to the petition and statutory authority (Ill Rev Stats 1961, c 24, § 7–1–7). Ten days later, the City adopted Ordinances Nos. 62–46, 62–43 and 62–47, which reannexed the three parcels involved in the quo warranto proceeding.

The City sets forth each of the above described ordinances in its answer. Plaintiffs' reply denied the adequacy of the petition requesting annexation of the Forest Preserve property and alleged that the annexing ordinances were invalid for failure to comply with the Municipal Code.

No issue has been raised with regard to the power of the Forest Preserve Board to file a petition to annex property. See Houston v. Village of Maywood, 11 Ill App2d 433, 138 NE2d 37 (1956). In addition counsel for plaintiffs has now admitted, in oral argument, that if the Forest Preserve annexations are valid, the ordinances annexing the three parcels owned by relators or upon which they conducted their businesses were also valid. Houston v. Village of Maywood, supra. The only issue, therefore, is whether the three parcels involved were properly surrounded.

The City argues first that the annexation of the Forest Preserve territory by either Ordinance 58–38 or 62–41 was not necessary to effect a surrounding of plaintiffs' properties because such properties were already surrounded by a Highway Annexation Ordinance 58–10. We note, however, that while two of the parcels were surrounded by the Highway Annexation, the highway involved dissects the third parcel. We therefore refrain from considering the validity of the Highway Annexation.

Ordinance 58–38 was adopted by the City of Park Ridge pursuant to an ordinance of the Forest Preserve Commissioners of Cook County and on the assumption that no electors resided thereon. Uncontroverted evidence introduced at the hearing establishes however that there were electors residing in the Forest Preserve area involved. People ex rel. Jordan Co. v. Village of Forest View, 21 Ill2d 384, 172 NE2d 780 (1961). Consequently, the surrounding of plaintiffs' properties must depend on the validity of Ordinance 62–41.

Ordinance 62–41 was passed by the City of Park Ridge pursuant to an ordinance of the Board of Forest Preserve Commissioners and a Petition for the Annexation of Territory to The City of Park Ridge, Illinois, executed by the President of the Forest Preserve District and Noel B. Wysong, Dorothy M. Wysong and Miriam H. Wysong, the only three electors residing in the Forest Preserve area.

Plaintiffs attack the validity of the ordinance on four grounds. First, they claim that the electors were refused their statutory right to withdraw their signatures from the petition with the consent of the majority of the electors or because such signatures were obtained by fraud. This argument is based on the provisions of section 7–1–2 of the Municipal Code (Ill Rev Stats 1961, c 24, § 7–1–2). From a reading of Article 7 of the Municipal Code, we

note that there are four methods for annexing a territory to a municipality. One is a petition signed by a majority of the electors and owners of record of land in the territory, and filing such petition with the County Clerk (§ 7–1–2). Second, a petition signed by all of the electors and owners of record of land in the territory and filed with the Municipal Clerk (§ 7–1–7). Third, is a petition signed by not less than 100 of the electors in the territory sought to be annexed and by the owners of record of more than 50 percent of such territory. This petition is to be filed with the County Court (§ 7–1–11). The final method applicable to surrounded territories is a petition signed by a majority of the owners of record of land in the territory or by the municipality passing an ordinance of annexation without the petition (§ 7–1–12, § 7–1–13).

■ The method of annexation involved in the instant case was a petition signed by all the electors and record landowners and filed with the Municipal Clerk. The statutory provision permitting withdrawal of signatures appears only in the sections dealing with annexations by the petition of a majority of electors and record landowners and filed with the County Clerk. A withdrawal provision does not appear in any of the other three methods of annexation. We therefore conclude that the right of withdrawal is not applicable to the instant case.

■ Plaintiffs' second point is that the electors' signatures on the petition were not under oath as required by the statute. The petition was signed by the electors and their signatures were notarized as having appeared before the notary "in person and under oath." Both Noel and Dorothy Wysong filed affidavits stating the facts surrounding their signing the Petition to Annex. Neither one could remember if an oath had been administered prior to signing. This is not sufficient to overcome the notarization attached to the petition which states that the signators were under oath.

The third point raised by plaintiffs is that the legal description in the ordinance was indefinite, uncertain and incomplete. In People ex rel. Village of Worth v. Ihde, 23 Ill2d 63, 66, 177 NE2d 313 (1961), the Supreme Court stated:

> "Descriptions of municipal boundaries are not construed with the same strictness as those contained in deeds and grants (Dowsett v. City of East Moline, 8 Ill2d 560), and if the incorporating petition and accompanying map, when viewed together, fairly apprise the public of the property involved, the description will be considered proper. (People ex rel. Cameron v. New, 214 Ill2d 287)."

A map was attached to and incorporated as part of Ordinance 62–41. The map clearly delineated the territory that was being annexed. The surveyor who testified for plaintiffs stated that the legal description in the ordinance could not be platted. However, the Superintendent of the Cook County Map Department testified that from the legal description in the ordinance, he was able to outline the territory so described on the official county maps. We believe the description in the ordinance fully complies with the standard of specificity as set forth in Ihde and related cases.

The final point raised by plaintiffs is that because Ordinance 62–41 was passed October 6, 1962, within 60 days of a General Election, it could not become effective until November 7, 1962. The trial court's order was entered on October 29, 1962. At that time, argue plaintiffs, they were entitled to an order of ouster.

This point was not raised by plaintiffs in their complaint or in their reply to the supplemental answer of the City, in which answer the fact that ordinance 62–

41 had been adopted was set forth. The order appealed from states that it is rendered "upon the Complaint in Quo Warranto . . . and upon the Supplemental Answer of the City of Park Ridge, . . . the parties . . . each having moved for the entry of judgment." The order contains no ruling upon the question of the 60 day rule now raised by plaintiffs in their brief. We also note that the plaintiffs did not mention this point in their written motion for a new trial.

■■ We have carefully searched plaintiffs' abstract and do not find in any of the pleadings or testimony contained therein, reference to the 60 day rule. This failure to abstract those portions of the record which raised the issue of the 60 day rule, if indeed it was raised at all, precludes us from determining this issue on appeal. Ellet v. Wyatt, 345 Ill App 420, 103 NE2d 526 (1952). From the state of the abstract, it appears to us that this issue was neither presented to nor considered by the trial court, and we have consistently refused to decide such issues raised for the first time on appeal. Rudolph v. O. D. Jennings & Co., 38 Ill App2d 92, 186 NE2d 80 (1962).

For the foregoing reasons the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.