THE VILLAGE OF HOFFMAN, Plaintiff-Appellee, *v.* OTTO C. MEIER *et al.,* Defendants-Appellants.

(Nos. 71-189, 71-184 cons.;

Fifth District—April 18, 1972.

Bernard G. Heiligenstein, of Carlyle, for appellants.

George C. Lackey, of Centralia, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an appeal from a decree of the Circuit Court of Clinton County which entered judgments in favor of the Village of Hoffman against defendants in the amounts of $188.90 and $72.21 based on delinquent water service accounts.

The Village of Hoffman prepared instruments entitled "Advance Tap-On Fee Contracts" and tendered them for signatures to prospective water users in anticipation of the installation of a new municipal water system. Defendants executed these instruments, paid an advance tap-on fee of $25, and approximately two years later, plaintiff installed water meters on the designated lots which were vacant and commenced billing defendants. Defendants refused to pay the rates that had been established by the Village approximately one year after execution of the "Advance Tap-On Fee Contracts" and one year before the meters were installed, and argue that the "Advance Tap-On Fee Contracts" are not valid and enforceable. Plaintiff interprets these contracts as being agreements to pay prospective water bills if the water system should be completed, with the alternative being that if the project were not completed, the advance tap-on fee would be returned. The contract in its entirety is:

"VILLAGE OF HOFFMAN, ILLINOIS
ADVANCE TAP-ON FEE CONTRACT

I, ———, ☐ Advance Tap ☐ Current Tap-On customer hereby agree to pay to Hoffman, Illinois, upon the execution of this agreement in the amount of $———. I also understand that if meter is set on vacant lot, I am liable for one-half of the minimum monthly water bill until construction begins on said lot. I then become liable for full minimum water bill. My meter location will be located on ——— and proposed setting cannot be transferred. It is understood and agreed that if the proposed project is not started, the advance tap-on fees will be returned.

If said proposed water system is completed, there will be no further tap-on charge for all advance depositors, other than the monthly charge for water consumption.

Dated this ——— day of ———, 19———.

Advance Tap-On Fee Depositor"

■■ Inasmuch as it is undisputed that the plaintiff did proceed and bring water to defendant's property as specified in the "Tap-On Fee Contracts", defendants are bound. Although superficially it may be argued that the execution of an advance tap-on fee contract constituted no more than a unilateral offer on the part of one in the position of defendants, legally and logically it is a contract. Consideration is the commitment on the part of the plaintiff, Village of Hoffman, that "If said proposed water system is completed, there will be no further tap-on charge for all advance depositors, other than the monthly charge for water consumption." Even when considered in the light most favorable to defendants, it is an offer by defendants which becomes enforceable against them when accepted by the offeree, the plaintiff in this case, so as to bind it to perform. In such case, the offeree may be bound in any one of at least three ways: (1) By the offeree engaging, within a reasonable time, to perform the contract; (2) by beginning such performance in a way which would bind him to complete it; and (3) by actual performance. (*Plumb v. Campbell*, 129 Ill. 101; *Kling Bros. Engineering Works v. Whiting Corp.*, 320 Ill.App. 630, 637.) Under either view of what happened here, defendants are bound at least to the extent of the billings involved in the complaint. The water service for which they paid an advance tap-on fee and signed a paper described on its face as a "Contract", was completed and provided to them, whether or not they chose to use it. Thus, if plaintiff is to be described as the "offeree" in this instance, the offeree did actually perform and thereby bind the offerors. There is nothing in the record to indicate any prior attempt by defendants to revoke or disavow the terms of what either was a contract at its inception or became one by offeree's performance.

The plaintiff solicited promises to pay for water service if the plaintiff became able by the volume of demand for such service to proceed; the defendants promised to pay for water service if plaintiff should offer it. After the act upon which the promise was based was performed, a valid contract came into existence. (17 Am.Jur.2d, Contracts, p. 340.) There are many kinds of business transactions which would not be practicable were this not a viable principle of law. This is a reasonable and valuable example of this, a manner of handling certain problems of this nature which has become a practical business necessity. It is true, as defendants argue, that this contract evolved from and continued to be characterized by uncertainty. Although there were no specific detailed controls or standards for the water rental fee, such water rate was to be set and regulated by a public, elected body, the Village Board, and had to be

fair, reasonable, just, uniform, and non-discriminatory. This is adequate protection for defendants.

There was no evidence presented that the rates are unreasonable and plaintiff need not defend against such an unsupported allegation.

Defendants further argue that the trial court erred in admitting into evidence "documents purported to be Village Ordinances" over their objection. This contention is premised on the use or misuse of one word. The documents in question are captioned, "Ordinance Relating to the Operation of the Water System No. 78" and "Water Rate Ordinance", and in each case the first three words are "Be It Resolved." Defendants contend the use of the word "resolved" instead of "ordained" is fatal to their being valid, enforceable ordinances. As stated, they are captioned "Ordinance" and a certificate executed by the Village Clerk describes the latter as an "ordinance." Despite their erroneous choice of words, they meet the requirement of expressing upon their faces the authority by which they are enacted and all other formalities were observed.

■■■ Even if we were unable to accept these as ordinances, the result would not be changed. Where the statutes and other authorities are silent as to the mode in which the governing body shall perform an act, and we do not find it specified for the action protested against herein, the decision of such governing body may be evidenced by either a resolution or an ordinance. *Houston v. Village of Maywood,* 11 Ill.App.2d 433, 138 N.E.2d 37; Ill. Rev. Stat., ch. 24, par. 11—128—07.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

EBERSPACHER and JONES, JJ., concur.