LEE LUMBER & BUILDING MATERIAL CORP., Plaintiff-Appellee, *v.* THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellants.

First District (1st Division) No. 78-1967

Opinion filed December 17, 1979.

William .J. Scott, Attorney General, of Chicago (Myra Turner, Assistant Attorney General, of counsel), for appellants.

Martin, Craig, Chester & Sonnenschein, of Chicago (Charles G. Chester and Willard Ice, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Lee Lumber & Building Material Corp., filed a complaint under the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*) to review a notice of tax liability issued by the Department of Revenue of the State of Illinois (Department). The tax liability is based on plaintiff's failure to make monthly estimated deposits required by section 3 of the Retailers' Occupation Tax Act (R.O.T.) (Ill. Rev. Stat. 1973, ch. 120, par. 442). On administrative review, the circuit court of Cook County ruled that the R.O.T. Act did not authorize the imposition of either a penalty or interest on the disallowance of the 2% vendor's discount for plaintiff's failure to make monthly estimated tax deposits. On appeal, the Department concedes that a penalty may not be imposed, but contends that interest charges were proper.

The pertinent facts are not in dispute. A Department audit revealed that plaintiff had failed to pay estimated deposits of its R.O.T. for the period of August 1973 through March 1975. Section 3 of the R.O.T. Act also provides that when a retailer files a monthly "Estimated Tax Declaration," it may take a 2% vendor's discount. The Department disallowed plaintiff's previously claimed vendor's discount for that period and assessed a 5% penalty and a 1% interest charge on the disallowance of the 2% vendor's discount.

The Department sent plaintiff a notice of tax liability and plaintiff requested a hearing. The hearing officer found a deficiency in the amount of $1539.71, representing the disallowed vendor's discount, a penalty in the amount of $10,046.12 and interest in the amount of $2009.27. The Director of the Department of Revenue issued an assessment for these amounts.

On administrative review, the circuit court affirmed the disallowance of the vendor's discount, but held:

"That the provisions in Section 5 of the ROT Act, Ill. Rev. Stat. ch. 120, §444, authorizing the imposition of a penalty and/or interest on late tax payments refers only to tax payments which are due and payable on the filing of RR-1A returns [final tax returns], which during the period covered in this case were not required to

be filed until the end of the month following the month in which the taxes were collected by the Taxpayer."

Plaintiff has never disputed the disallowance of its 2% vendor's discount. On appeal, the Department concedes that a penalty cannot be imposed.

Thus, the sole issue upon review is whether the Department correctly imposed interest on the disallowance of the 2% vendor's discount. Section 3 of the R.O.T. Act (Ill. Rev. Stat. 1973, ch. 120, par. 442) reads in part:

"If the taxpayer's average monthly tax liability to the Department pursuant to this Act exceeded $5,000 during the previous calendar year, he shall make a deposit of estimated monthly tax on such forms as the Department shall prescribe. Such estimated tax deposit shall be mailed or delivered to the Department on or before the last day of the month during which the taxable transaction took place. The deposit shall be either (a) an amount equal to 100% of the tax liability for the prior month or (b) at least 90% of the tax liability incurred during the current month. The amount of such estimated tax deposit shall be credited against the final tax liability shown on the taxpayer's final tax return for that month. If the estimated tax deposit is more than the actual tax liability for that month, the amount of any excess may be carried forward from month to month and applied to future tax liabilities under this Act. If the estimated tax deposit is not paid at the time prescribed herein, or if the amount of the taxpayer's estimated tax deposit is less than 100% of the tax liability for the prior month and less than 90% of the liability for the current month as shown upon the final tax return for that month, then the taxpayer's 2% vendor's discount shall be reduced by 2% of the difference between the final amount due and payable with the final tax return for the month (prior to any payments or credits) and the amount actually and timely deposited as aforesaid."

The Department contends that the monthly estimated deposit is a tax payment that is due at the end of the current month, so that failure to pay it subjects the retailer to an interest charge under section 5 of the R.O.T. Act, which provides in part:

"In addition to any penalty provided for in this Act, any amount of *tax* which is not paid *when due* shall bear interest at the rate of 1% per month or fraction thereof from the date when such tax becomes past due until such tax is paid or a judgment therefor is obtained by the Department * * *." (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 120, par. 444.)

The Department's position that interest is owing is weakened by the fact that a notice of tax liability when made includes an item for interest for late payment as well as a penalty—one usually does not exist without the

other—and the Department here has conceded that in this case a penalty cannot be assessed.

Plaintiff concedes that it failed to pay the estimated deposits when required, but contends that at no time did it file a late return or make a late payment. At most, it failed to make deposits, but its "tax payments" were timely made each month of the period in issue. However, plaintiff asserts that the estimated deposits are not "taxes" within the meaning of the R.O.T. Plaintiff further argues that because the final tax assessments were paid when due, interest may not be assessed. We agree.

██ █ The primary rule of statutory construction is that an enactment must be construed so as to ascertain and give effect to the intention of the legislature. (*Electrical Contractors Association of City of Chicago, Inc. v. Illinois Building Authority* (1966), 33 Ill. 2d 587, 213 N.E.2d 761.) Where statutory language is ambiguous, the court may look to the nature and subject matter of the act (*Nicholson v. Village of Schaumburg Center* (1961), 33 Ill. App. 2d 197, 178 N.E.2d 680) and to the necessity or reason for its enactment. (*In re Roberts Park Fire Protection District* (1975), 61 Ill. 2d 429, 337 N.E.2d 8.) Any doubt as to the application of taxing laws must be construed against the government and in favor of the taxpayer. *Caterpillar Tractor Co. v. Department of Revenue* (1963), 29 Ill. 2d 564, 194 N.E.2d 257.

Under the R.O.T. statutory scheme, every month two remittances are due. For example, for the taxable month of June 1973, the retailer must pay an estimated deposit by June 30. By July 31, the retailer must file the final return and pay the difference, if any, between the estimated deposit and the amount finally due for June. Additionally, the estimated deposit for July must be paid on July 31.

██ Section 3 of the R.O.T. Act indicates that the amount of the monthly estimated deposit shall be credited against the "final tax liability shown on the taxpayer's final tax return for that month." We construe sections 3 and 5 of the R.O.T. Act to mandate interest charges only if a retailer fails to pay its final tax liability. Section 3 requires a "deposit of estimated monthly tax" while section 5 authorizes the imposition of interest charges only for "tax which is not paid when due," charged from "the date when such tax becomes past due." If the legislature had intended that interest charges should accrue for late payment of monthly estimated tax deposits as well as for final tax liability, more explicit language would have been used. Absent such specificity, we must construe these provisions in favor of the taxpayer. *Caterpillar Tractor Co. v. Department of Revenue* (1963), 29 Ill. 2d 564, 194 N.E.2d 257.

We are mindful that the 1969 amendments to the R.O.T. Act were prompted by the State's dire financial condition that year. (See I Journal of the House of Representatives of the Seventy-Sixth General Assembly

of the State of Illinois, 1969 Fiscal Message by Governor Richard B. Ogilvie, February 5, 1969.) However, we believe that the loss of the 2% vendor's discount was seen by the legislature as a sufficient inducement to retailers to make estimated deposits timely.

Finally, plaintiff raises arguments concerning the computation of interest charges by the Department. Because we have determined that no interest charges were appropriate here, we need not address these points.

Accordingly, the order of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.