*In re* ANNEXATION TO CITY OF PROSPECT HEIGHTS.—(THE VILLAGE OF ARLINGTON HEIGHTS, Objector-Appellant, *v.* THE CITY OF PROSPECT HEIGHTS, Petitioner-Appellee.)

First District (3rd Division)     Nos. 81-2202, 81-2989 cons.

Opinion filed June 30, 1982.

Jack M. Siegel, of Chicago, for appellant.

Friedman & Koven, of Chicago (Donald J. Kreger and Kenneth C. Shepro, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Objector, Village of Arlington Heights, appeals from an order of the trial court overruling its objections to an annexation ordinance adopted by petitioner, City of Prospect Heights, and finding the ordinance to be

valid. Arlington Heights also appeals from a second order declaring the territory to be annexed to Prospect Heights. On appeal Arlington Heights contends that the annexation was invalid because Prospect Heights failed to comply strictly with statutory requirements. Specifically, Arlington Heights argues that the ordinance was not validly adopted due to procedural defects and because of a prior pending petition in the circuit court; that the legal description was materially defective; that the territory was not contiguous; and that the notice was not properly given.

This proceeding was commenced pursuant to section 7—1—2 of the Illinois Municipal Code. (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—2.) On February 6, 1980, an ordinance adopted by Prospect Heights on January 21, 1980, expressing its desire to annex certain described territory was filed with the clerk of the circuit court. A map of the territory proposed to be annexed was attached as part of the ordinance. The entire parcel comprised 74 acres and had common boundaries with both municipalities.

On February 8, 1980, the trial court set the date of March 4, 1980, for hearing on the validity of the ordinance. On February 14, 1980, notices were sent to the township trustees and highway commissioner. On February 28, 1980, Arlington Heights filed objections to the validity of the ordinance. After a hearing, on August 17, 1981, the trial court overruled the objections, determined the ordinance to be valid, and ordered that the question of annexation be submitted to the electors of the territory. Following an election in which a majority of the electors approved the annexation, the trial court, on November 12, 1981, entered an order declaring the described territory annexed to Prospect Heights.

Arlington Heights initially contends that the ordinance seeking annexation was invalid because the city council of Prospect Heights failed to follow its own procedural rules. Section 35.1 of the ordinance establishing rules of order and procedure for the council provides:

> "Every ordinance shall be read when introduced and lie over until the next regular meeting of the City Council provided that this rule may be suspended and an ordinance read and passed at the same meeting of the Council at which it is introduced only by the concurrence of two-thirds of all the Aldermen elected, by a roll call vote."

In the present case a motion to waive the first reading of the ordinance was passed unanimously by voice vote. The ordinance was then passed at the same meeting by a two-thirds roll call vote. Arlington Heights argues that the council should have held a roll call vote specifically on the issue of suspension of the rules and that the roll call vote passing the ordinance was insufficient to suspend the rule and therefore ineffective to pass the ordinance.

■■ The language of this rule is somewhat ambiguous. We find, however, that a more reasonable reading would require only one roll call vote both to suspend the first reading rule and pass the ordinance. Where statutory language is ambiguous, a court may look to the nature of the act and to the reason and necessity for its enactment. (*Lee Lumber & Building Material Corp. v. Department of Revenue* (1979), 79 Ill. App. 3d 1015, 398 N.E.2d 933.) A single roll call vote would accomplish the obvious purpose of the rule by insuring that an ordinance would lie over unless two-thirds of the aldermen were in favor of passing it at the same meeting. We hold that the council followed its procedural rules.

Arlington Heights next contends that the ordinance was invalid because a petition for annexation of substantially the same territory was pending at the time this ordinance was adopted. The pending petition, to which Arlington Heights refers, filed by the landowners and electors of the territory in question, also sought annexation to Prospect Heights. The petition was dismissed by court order on the morning of February 6, 1980, prior to the filing of the present ordinance.

■■ Arlington Heights correctly asserts that no annexation proceeding may be initiated legally where an annexation petition is pending with regard to the same territory. (*City of Countryside v. Village of LaGrange* (1962), 24 Ill. 2d 163, 180 N.E.2d 488; *City of East St. Louis v. Touchette* (1958), 14 Ill. 2d 243, 150 N.E.2d 178.) An annexation proceeding commenced pursuant to section 7—1—2, by the adoption of an ordinance expressing a desire to annex, is not considered to be "initiated" for purposes of this rule, however, until the ordinance is filed in the circuit court. (*Village of LaGrange; Touchette.*) Since the ordinance in the present case was not filed until after the prior petition was dismissed, the annexation proceeding was legally initiated.

Arlington Heights' reliance on *Village of Oak Lawn v. Village of Bridgeview* (1968), 92 Ill. App. 2d 284, 236 N.E.2d 293, and *In re Incorporation of Village of Capitol Heights* (1968), 41 Ill. 2d 256, 242 N.E.2d 247, is misplaced. Although the court in *Village of Oak Lawn* found the ordinance to be invalid due to the pendency of a prior petition, the ordinance was of an entirely different nature than the ordinance in the present case. That ordinance was adopted under section 7—1—8 (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—8), which provides for the initiation of annexation proceedings by the filing of a petition signed by the landowners of the territory sought to be annexed. Hence the ordinance subsequently adopted by the annexing entity serves to finalize the annexation process. Similarly, in *Village of Capitol Heights* the ordinance in question actually effected the annexation. The present case is obviously distinguishable since the ordinance in question, adopted pursuant to section 7—1—2, merely expressed Prospect Heights' desire to annex the property and thereby constituted only the first step in the annexation proceedings.

We next address Arlington Heights' argument that the legal description of the territory sought to be annexed as set forth in the ordinance was materially defective. (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—4.) Arlington Heights maintains further that the trial court's attempt to amend the ordinance to correct one of the errors was not authorized by statute.

Although section 7—1—4 requires dismissal of an annexation ordinance where the legal description contained therein is materially defective, such descriptions are not construed with the same strictness as those contained in deeds and contracts. If the ordinance and accompanying map, when viewed together, fairly apprise the public of the property involved, the description will be considered proper. *People ex rel. Cameron v. New* (1905), 214 Ill. 287, 73 N.E. 362; *People ex rel. Rogers v. City of Park Ridge* (1967), 86 Ill. App. 2d 82, 230 N.E.2d 289.

■■ There were two errors in the legal description in question. The first error was contained in the following language:

> "* * * and along the North line of Lot 9 in Block 2 of said subdivision to the Northwest corner of said Lot 9;
> Thence Southerly along the West line of said Lot 20 the North line of Oakton Street: * * *."

The trial court granted Prospect Heights' motion to amend this part of the legal description to correct a typographical error by deleting "20" and substituting the word "to." When the language in question is considered with reference to the map, it is apparent that the "said lot" in the last portion of the quoted language refers to lot 9. Prospect Heights' error in typing "20" rather than "to" was merely a typographical error, too insignificant to prevent the public from being fairly apprised as to what territory was involved. It was within the trial court's discretion to amend the ordinance to correct this nonmaterial error. *People ex rel. Magnuson v. Kramer* (1961), 21 Ill. 2d 392, 172 N.E.2d 757.

The second error involved the omission of a call from one paragraph of the legal description. The relevant portion of that description is as follows:

> "Thence Northerly along said East line to the South line of the Northeast quarter of the Northeast quarter of the Southeast quarter of said Section 20;
> Thence Westerly along said South line to the West line of East half of said Northeast quarter of Northeast quarter of Southeast quarter;
> Thence Northerly along said West line to the South line of the North 15 feet of said Northeast quarter of Northeast quarter of Southeast quarter;
> Thence Westerly along said South line to the West line of the East half of the West half of said Northeast quarter [of Northeast quarter] of Southeast quarter."

Curtis Franklyn, an employee of Arlington Heights, and Robert Carlson, a land surveyor, both testified that if the legal description were followed precisely it would be impossible to come up with a totally enclosed parcel of land. Relying on *People ex rel. Shrontz v. Astle* (1929), 337 Ill. 253, 169 N.E.185, Arlington Heights argues that this defect thereby invalidated the ordinance. The *Astle* case involved a legal description contained in a court order organizing a district. As here, the boundaries did not meet to enclose a parcel of land completely, and the court held that where a legal description contains a patent ambiguity, the uncertainty in the description cannot be cured by extrinsic evidence. Unlike the present case, however, no map was involved.

■■ In the present case both witnesses testified that when the map and legal description were considered together it was obvious that the call "Northeast quarter" had been erroneously omitted from the language in question. In a letter, dated August 6, 1980, Franklyn had previously advised Arlington Heights of both the error and the missing call. When the correct call is inserted, the ordinance accurately describes the parcel of land sought to be annexed. We therefore hold that the ordinance fairly apprised the public of the property involved and that the description was not materially defective.

Arlington Heights also contends that the property sought to be annexed is not contiguous to Prospect Heights as required by statute. (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—1.) Contiguity under the statute requires a touching or adjoining in a reasonably substantial sense. (*People ex rel. County of St. Clair v. City of Belleville* (1981), 84 Ill. 2d 1, 417 N.E.2d 125.) The line of demarcation between the reasonableness or unreasonableness of a touching must be drawn based on the facts of each case. (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 167 N.E.2d 169.) The finding of a trial court as to contiguity will not be disturbed unless it is manifestly against the weight of the evidence. *In re Annexation to Village of Buffalo Grove* (1970), 128 Ill. App. 2d 261, 261 N.E.2d 746.

A substantial common boundary between the territory to be annexed and the annexing entity is essential to a finding of contiguity. (*People ex rel. County of St. Clair v. City of Belleville.*) The 74 acres sought to be annexed in the present case touch Prospect Heights at three locations which measure 300 feet, 200 feet and 100 feet. Although there is no steadfast rule with regard to the minimum common boundary considered to be substantial, a common boundary of 360 feet has been deemed sufficient. (*In re Annexation to Village of Green Oaks* (1971), 1 Ill. App. 3d 773, 275 N.E.2d 462.) We agree with the trial court that the common boundary here was adequate to demonstrate contiguity.

■■ Although the boundaries of the territory to be annexed in the present

case are somewhat irregular, this in itself is not a fatal defect. (*In re Annexation to Village of Glen Carbon* (1970), 130 Ill. App. 2d 821, 264 N.E.2d 283; *In re Annexation to Village of Buffalo Grove.*) Nor is compactness required. (*In re Annexation to Village of Glen Carbon.*) There are no areas which merely corner another, nor are there mere strips of land or highway used as a subterfuge to reach outlying areas as were found in the cases relied on by Arlington Heights. The trial court's finding that the territory to be annexed was contiguous to Prospect Heights was not against the manifest weight of the evidence.

Arlington Heights finally contends that Prospect Heights failed to serve timely notice on the Wheeling Township Commissioner of Highways and Wheeling Township Board of Town Auditors and that such failure rendered the ordinance void. The statute requires that when land proposed to be annexed includes a highway under the jurisdiction of any township, the township commissioner of highways and the board of town auditors shall be notified "before any court hearing or other action is taken for annexation." (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—1.) It is undisputed that Prospect Heights did serve notice on the proper officials and that the notice was served prior to "any court hearing." Arlington Heights argues, however, that Prospect Heights' prior adoption of the initial ordinance expressing its desire to annex the property constituted "other action * * * taken for annexation" and that its failure to serve the notice in question prior to the adoption of the ordinance rendered it void.

This issue turns on what the legislature meant by "other action * * * taken for annexation." The annexation proceedings here were undertaken pursuant to statute. (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—2.) That section provides for initiation of the annexation process either by filing a written petition signed by a majority of landowners in the territory to be annexed and a majority of the electors residing in such territory or, as here, by the enactment and filing of an ordinance by the corporate authorities expressing their desire to annex. Notice of the petition or ordinance must then be published, and a date is set for a court hearing. If the court finds that the petition or ordinance is valid, the court directs that the question of annexation be submitted either to the corporate authorities of the annexing municipality (if initiated by petition) or to the electors of the territory (if initiated by ordinance) for final action.

■■ Section 7—1—2 is the only procedure for annexation under the act which requires a court hearing. Other sections provide for situations in which annexation proceedings may be initiated by petition (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—8), or by resolution (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—14), and finalized by adoption of an ordinance by the corporate authorities of the municipality to which annexation is sought; in certain circumstances annexation is accomplished by ordinance alone (Ill.

Rev. Stat. 1979, ch. 24, par. 7—1—13). When the statute is considered as a whole it therefore becomes obvious that the legislature intended that the notice in question be given prior to the court hearing, as here in a section 7—1—2 annexation, and prior to "other action * * * taken for annexation" in annexation procedures undertaken pursuant to some other section which requires no hearing. We reject Arlington Heights' theory to the contrary, that "or other action" applies here and refers to the initial ordinance expressing a desire to annex. Such an interpretation would in effect require that the notice in question be given either before the initial ordinance or later, prior to the court hearing. Since Arlington Heights also argues that any time after adoption of the initial ordinance is too late, this interpretation of section 7—1—1 would render the phrase "before any court hearing" meaningless. Where a statute can be reasonably interpreted so as to give effect to all its provisions, a court will not adopt a strained reading which renders one part superfluous. *Jarecki v. G. D. Searle & Co.* (1961), 367 U.S. 303, 6 L. Ed. 2d 859, 81 S. Ct. 1579; *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171.

Arlington Heights' reliance on *People ex rel. County of St. Clair v. City of Belleville* is misplaced. In that case, the court, in construing the same language present in this case, made it clear that the section 7—1—1 notice must be given prior to the court hearing for one type of annexation and prior to the city council meeting for the other type. *County of St. Clair*, however, involved a section 7—1—8 proceeding which has no provisions for a hearing. Thus notice was required prior to the city council meeting. Prospect Heights gave timely notice in the present case.

For the reasons stated, the orders of the circuit court of Cook County are affirmed.

Orders affirmed.

WHITE, P. J., and McGILLICUDDY, J., concur.