(No. 36314.—

THE PEOPLE *ex rel.* The Village of Worth *et al.,* Appellants, *vs.* CARLTON IHDE *et al.,* Appellees.

*Opinion filed September 22, 1961.*

Leonard Bosgraf, and Arthur C. Thorpe, both of Chicago, for appellants.

Ancel, Siegel & Stonesifer, of Chicago, (Louis Ancel and Jack M. Siegel, of counsel,) for appellees.

Mr. Justice Daily delivered the opinion of the court:

Pursuant to leave granted by the circuit court of Cook County, a complaint in *quo warranto* was filed on the relation of the village of Worth, a municipal corporation, and Chicago Ridge Land Fill Company, a corporation, against the officers of the newly organized city of Palos Hills questioning their authority to act and challenging the legality of the incorporation itself. Upon hearing, the court found the incorporation proper and entered judgment for the defendants. Direct appeal has been prosecuted to this court since a franchise is involved. *People ex rel. Bondurant v. Marquiss,* 192 Ill. 377.

As presently organized, the city of Palos Hills has an area of approximately 3½ square miles and is bounded on the southeast from West 112th Street, extended, to the

Calumet Sag Channel by the Southwest Highway, which runs generally in a northerly direction from the Calumet Sag Channel to 111th Street and then northeasterly to Harlem Avenue. One block east and running parallel with Southwest Highway during its northerly course lies 76th Avenue which intersects with Southwest Highway as the latter veers to the northeast. The village of Worth formerly extended, generally, from 76th Avenue easterly to the west line of Harlem Avenue, including that part of Southwest Highway running in a northeasterly direction and the properties on both sides of this portion. The village of Chicago Ridge, through which the Southwest Highway also runs, is situated immediately to the east of Harlem Avenue and adjoins both Palos Hills and Worth at particular points along its westerly boundary.

It appears that on September 4, 1956, the village of Worth annexed Southwest Highway from its intersection with 76th Avenue southerly to a point beyond the Calumet Sag Channel, and using this highway as the contiguous boundary, on December 4, 1956, and February 5, 1957, Worth annexed two parcels lying immediately west of the annexed portion of Southwest Highway, such parcels being described as the Kats property and the Palos Bend property, respectively. On November 23, 1957, a petition was filed with the village of Chicago Ridge to annex lands owned by the Chicago Ridge Land Fill Company immediately west of Harlem Avenue and within what now constitutes the city of Palos Hills. At a meeting of the board of trustees for Chicago Ridge held December 17, 1957, the matter was discussed but the motion to annex was "tabled until further notice." However, by ordinance dated September 2, 1958, the tract was purportedly annexed to Chicago Ridge.

Meanwhile, on April 14, 1958, a petition to organize Palos Hills was filed in the county court of Cook County and an order was entered October 2, 1958, calling an election for October 25, 1958, to determine such question.

Notice of election was given by newspaper publication and, of the 928 votes cast, more than a majority favored incorporation. On December 6, 1958, the defendants were elected to fill the municipal offices of Palos Hills, and the present action was instituted some three months later.

The plaintiffs contend (1) the legal description contained in the petition for incorporation was vague and at variance with the map attached thereto, (2) the incorporation election was irregular, (3) the village of Chicago Ridge had acquired jurisdiction over the Chicago Ridge Land Fill Company property so as to exclude it from the Palos Hills incorporation, and (4) such incorporation was defective because there was included within the Palos Hills boundaries the Kats and Palos Bend properties which had previously been annexed to the village of Worth.

The petition for incorporation described the Southwest Highway as the eastern boundary of Palos Hills from 112th Street to Calumet Sag Channel but the markings upon the attached map indicated an irregular boundary not entirely congruent therewith. Furthermore, the petition, in reciting the proposed boundaries, mentioned West 112th Street without indicating which of two similarly named streets it was referring to. Descriptions of municipal boundaries are not construed with the same strictness as those contained in deeds and contracts (*Dowsett* v. *City of East Moline,* 8 Ill.2d 560,) and if the incorporating petition and accompanying map, when viewed together, fairly apprise the public of the property involved, the description will be considered proper. (*People ex rel. Cameron* v. *New,* 214 Ill. 287.) The legal description contained in the petition was also set forth in the notice of election, the incorporation ballots, and the order canvassing votes, and was not at such variance with the map illustration as to cause public misapprehension upon the point. Similarly, since only one of the two West 112th streets appeared upon the attached map, any uncertainty in this respect was thereby cured.

In support of their contention that the incorporation election was irregular, plaintiffs argue that no ballot was published prior to election pursuant to section 9—2 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1957, chap. 24, par. 9—2,) ; that the voting precinct was of improper size; that the address of the polling place did not appear upon the reverse side of the ballots; and that the ballots were printed upon paper through which writing could be read, all contrary to our Election Code. (Ill. Rev. Stat. 1957, chap. 46, par. 11—2, 16—3, and 16—7.) The incorporation proceedings were instituted in accordance with section 2—5 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1957, chap. 24, par. 2—5) which specifically provides for the setting of time and place for such an election, the naming of judges, the giving of notice, the form of the ballot, and the canvassing of votes. As to these matters, this special statute controls over the general provisions contained in the Election Code or in other portions of the Revised Cities and Villages Act, (*Village of East Springfield* v. *City of Springfield,* 238 Ill. 534; *People ex rel. Lauth* v. *Wilmington Coal Co.,* 402 Ill. 161; *People ex rel. Bondurant* v. *Marquiss,* 192 Ill. 377,) and since in the instant case compliance was had with the special statute, the legal requirements were thereby satisfied. Although we have heretofore condemned the use of ballots through which writing may be seen, (*Hester* v. *Kamykowski,* 13 Ill.2d 481) and would not hesitate to apply the same result to any situation wherein a voter's franchise has been impaired, there is no showing that such was the case in the present situation so as to warrant the voiding of the election.

Neither do we believe the village of Chicago Ridge had such jurisdiction over the Land Fill Company property so as to exclude it from the Palos Hills incorporation. It is true that a petition to annex this tract to Chicago Ridge was filed by the owner on November 23, 1957, some five months prior to the filing of the Palos Hills incorporation petition,

and had the Chicago Ridge village authorities promptly acted to approve the annexation request, a different question would be presented. (See *People ex rel. Hathorne* v. *Morrow*, 181 Ill. 315.) However, such prompt action was not forthcoming. Although it appears the matter was discussed at the December 3, 1957, and December 17, 1957, meetings of the board of trustees of Chicago Ridge, the petition was on the latter date tabled until further notice. Despite the fact that the village board regularly met twice each month, no action whatsoever was taken upon the petition until its approval on September 2, 1958, which was approximately four and one-half months after the incorporation petition had been filed. In deliberative bodies of this kind, matters are generally tabled only temporarily with the expectation that consideration will be resumed at the next regular session or upon disposal of an interrupting question. (*People ex rel. MacMahon* v. *Davis*, 284 Ill. 439.) There was no showing whatsoever that the board action was necessarily delayed or that the Palos Hills incorporation petitioners knew of the annexation petition. By reason of their inaction, the Chicago Ridge authorities must be held to have abandoned the jurisdiction they had previously acquired by the filing of the petition to annex. To decide otherwise would be to allow a municipality, by sheer inaction, to indefinitely frustrate the incorporation plans of a community. Although plaintiffs insist that this matter is not properly before the court, since the village of Chicago Ridge is not a party to the suit, we must point out that they, not the defendants, initially raised this issue of annexation by their complaint. We know of no rule of law which would deny the defendants, under these circumstances, the right to resist by questioning the validity of such purported annexation as between the parties.

Plaintiffs next contend the Palos Hills incorporation was defective because it included the Kats and Palos Bend properties previously annexed to the village of Worth. In this

respect it should be noted that these properties were contiguous with Worth only by reason of its 1956 annexation of Southwest Highway for a distance of approximately one-half mile beyond the village boundaries, and the validity of their inclusion is entirely dependent upon the propriety of the highway annexation. We had occasion to recently consider a similar situation in *People ex rel. Adamowski* v. *Village of Streamwood,* 15 Ill.2d 595, wherein we held that such annexations of highways beyond the corporate limits did not satisfy the requirement of contiguity specified by the Revised Cities and Villages Act (Ill. Rev. Stat. chap. 24, par. 7—8.) Therefore, in accordance with that decision, we must now hold these highway and property annexations invalid and no bar to the subsequent incorporation. Contrary to plaintiffs' assertions, neither were the defendants prevented by *laches* from alleging this invalidity in the lower court. *People ex rel. Petty* v. *Thomas,* 361 Ill. 448.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*