THE PEOPLE *ex rel.* WILLIAM V. HOPF, State's Attorney, Plaintiff-Appellee, *v.* THE VILLAGE OF BENSENVILLE, Defendant-Appellant.

(No. 70-222;

Second District—July 26, 1971.

Tenney, Bentley, Howell, Askow & Lewis, of Chicago, (Stephen J. Nagy, of counsel,) for appellant.

William V. Hopf, State's Attorney, of Wheaton, (M. S. Howard, Special Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This appeal arises from a quo warranto action brought against the Village of Bensenville, calling upon it to show by what authority, right or warrant the Village of Bensenville purported to hold and exercise jurisdiction over certain land. Judgment was entered on July 17, 1970, when the trial court struck the Village's answer and amendments thereto and ordered the land disconnected from the Village. No questions are raised on the pleadings.

The parties agree that the issue presented for review is whether the notice and recording requirements of the Illinois Municipal Code, (Ill. Rev. Stat. 1969, ch. 24, par. 7—1—1), pertaining to annexation of territory by a municipality are mandatory statutory requirements.

The case was determined upon a stipulation of facts which are not in dispute. Owners of the territory did sign a preannexation agreement with

defendant; a petition for annexation directed to the President and Board of Trustees of the Village was signed and presented; notice of public hearing was published; a public hearing was held; an ordinance of annexation was adopted at a regular meeting of the Trustees; various notices were given, and the ordinance was recorded.. The Trustees of the Fire Protection District and of the Public Library District, however, were not notified in writing prior to adoption of the ordinance. It appears the public hearing was had on the proposed annexation on December 12, 1969. Subsequently, on January 2nd, 1970, the Village adopted the ordinance of annexation of the territory in question. Not until January 28, 1970, did the Village notify by registered or certified mail the Trustees of the Public Library District, and not until May 18, 1970, did the Village notify by registered mail the Trustees of the Fire Protection District. These notices obviously demonstrate an intent by the Village to comply with the statutory notice requirement.

It appears to be the position of the Village that since there was advance public notice; that since certain officials of the Fire Department were notified in advance of the action of the Trustees of the Village; that since the Trustees of the Fire Protection District and the Public Library District were finally notified in the manner prescribed in the Statute so far as writing and mailing was concerned, but not so far as time was concerned; and since no complaint was made that anyone was seriously prejudiced; there really was substantial compliance within the protective intent of the statute. The Village urges, therefore, that the decision of the Circuit Court be reversed, with directions that the Village's answer and amendments be reinstated and the State's complaint for *quo warranto* be dismissed.

The statute involved specifically states in pertinent part:

"Any territory which is not within the corporate liimts of any municipality but which is contiguous to a municipality, may be annexed thereto as provided in this Article.

When any land proposed to be annexed is part of any Fire Protection District or of any Public Library District, the Trustees of each District *shall* be notified *in writing* by certified or registered mail *before* any court hearing or *other action* is taken for annexation. Such notice *shall* be served 10 days in *advance*. An affidavit that service of notice has been had as provided by this Section *must* be filed with the clerk of the court in which such annexation proceedings are pending or will be instituted or, when no court procedings are involved, with the recorder of deeds for the county where such land is situated. No annexation of such land is effective *unless service is had* and the affidavit filed *as*

*provided* in this Section." \* \* \* (Emphasis supplied) Ill. Rev. Stat. (1969), ch. 24, par. 7—1—1.

It is clear that service was not had as provided in the statute. The Village contends the language is not mandatory, but is intended merely to guide the manner in which corporate authorities of an annexing municipality may proceed in order to protect the rights of Fire Protection and Public Library Districts affected by the annexation. The Village further contends that the manner prescribed need not be followed if rights are otherwise protected and no harm proven.

Prior to 1965 the statute in question did not contain the provision requiring the prescribed notification and service on the Trustees of the Fire Protection District and the Public Library District. The statute was amended in 1965 to require service on the Trustees of Fire Protection Districts and in 1969 to require service also on the Trustees of Public Library Districts. It seems rather obvious that in so amending the statute the legislature must have had something in mind, to-wit: that the trustees of the districts be notified in advance of an annexation in the manner provided.

In *People v. Graham* (1915), 267 Ill. 426 the Supreme Court stated:

"A mandatory provision in a statute is one the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding."

In *Siedschlag v. May* (1936), 363 Ill. 538, 2 N.E.2d 836 the court in construing an election statute, made the following statement:

"No universal rule can be given to distinguish between directory and mandatory provisions. The controlling question in this as in all other rules of construction is, what was the intention of the Legislature?"

\* \* \*

"If the statute only provides that certain things shall be done in a given way and at a certain time, and there is no declaration that conformity to these provisions is essential to the validity of the election, the statute will be construed to be directory and not mandatory."

The intention of the legislature to provide a mandatory requirement hardly seems open to challenge. A failure to comply with the provisions for service is expressly declared to be fatal in the words:

"No annexation of such land is effective unless service is had and the affidavit filed as provided in this section."

While the effectiveness of an annexation may be held in abeyance pending the filing of an affidavit of proper notice it should be noted that the content of the affidavit, not its filing date, is critical.

To comply with the statutory requirement, the affidavit must show "notice has been had as provided in this Section", that is, the notice must have been in writing, served on the Trustees of the Districts by certified or registered mail 10 days in advance of any court hearing or other action. Unless the statute has previously been observed a sufficient affidavit cannot be made at any time.

██ This court has stated that the burden is on the defendant in an annexation case to prove compliance with the statute at the time the annexation ordinance was passed. (*People ex rel. Cherry Valley Fire Protection District v. City of Rockford* (1970), 120 Ill.App.2d 275, 256 N.E.2d 653.) In *The Matter of Annexation to Village of Oak Brook* (1968), 91 Ill.App.2d 27, 234 N.E.2d 554 we stated that:

> "The objectors merely direct our attention to the general rule that annexation proceedings are statutory and that the statute must be strictly followed. There can be no quarrel with this proposition, on the other hand, however, counsel has the burden of pointing out to us wherein the statute was not followed in this regard."

In this case there is no question but that counsel has pointed out to us wherein the statute was not followed.

██ The Village has failed to show that the circumstances required by the statute were present before the annexation. (*People v. City of Peoria* (1967), 80 Ill.App.2d 359, 225 N.E.2d 48, *People of the State of Illinois ex rel. Karns v. Village of Caseyville* (1968), 99 Ill.App.2d 60, 241 N.E.2d 23.) The attempt to comply after adoption of the ordinance of annexation did not fulfill the requirements of the statute, which are mandatory.

The order of the Circuit Court is affirmed.

Order affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.