THE PEOPLE *ex rel.* THE CITY OF PROSPECT HEIGHTS, Plaintiff-Appellee, v. THE VILLAGE OF ARLINGTON HEIGHTS, Defendant-Appellant.

First District (1st Division)   No. 87—1279

Opinion filed June 6, 1988.

Jack M. Siegel, of Chicago, for appellant.

Donald J. Kreger and Kenneth C. Shepro, both of Altheimer & Gray, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This is a *quo warranto* proceeding brought initially by the City of Prospect Heights (City) against the Village of Arlington Heights (Village). At issue is the validity of ordinances of the Village of Arlington Heights and the City of Prospect Heights which purport to annex the same territory.

After a bench trial, the trial court found that the ordinances of the Village of Arlington Heights purporting to annex the subject territory were null and void and entered a judgment of ouster against the Village of Arlington Heights. Arlington Heights appeals, raising the following issues: (1) whether the annexation of territory pursuant to section 7—1—13 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 7—1—13) is legally initiated by the publication of notice; (2) whether the priority of recording of an annexation ordinance is relevant; (3) whether Prospect Heights gave timely notice of its intended annexation; and (4) whether the legal description of Arlington Heights ordinance No. 80—150 was materially defective.

The annexations at issue here were undertaken pursuant to the provisions of section 7—1—13 (Ill. Rev. Stat. 1981, ch. 24, par. 7—1—13), relating to annexation of surrounded or nearly surrounded territories. Under the provisions of section 7—1—13, whenever a municipality desires to annex surrounded territory, it must do so "by the passage of an ordinance to that effect after notice is given as provided in this Section." (Ill. Rev. Stat. 1981, ch. 24, par. 7—1—13.) The statute further requires that the corporate authority shall give notice stating that the territory described is contemplated for annexation on a certain date. The notice has to be given not less than 10 days before the passage of the annexation ordinance.

Pursuant to that statute, the Village of Arlington Heights published notices in the Arlington Heights Herald on November 4, 1981, stating that "the corporate authorities of Arlington Heights were contemplating the annexation of certain territory" pursuant to the provisions of section 7—1—13. The notice stated that the corporate authority would consider the annexation on November 16, 1981, at its regular meeting at 8 p.m. in the Municipal Building.

On November 6, 1981, the City of Prospect Heights published similar notices in the Mount Prospect Herald, indicating that on the 16th of November, at 7:30 p.m., the city council "will contemplate the annexation of the following described territory." Both municipalities gave the other requisite notices to applicable township, library district, and fire district officials, as required. Thus both parties had published notices purportedly in compliance with section 7—1—13, in

which they indicated contemplation of annexation of the same territory on the same night. The notices of the Village of Arlington Heights, however, were published two days before those of the City of Prospect Heights. Prospect Heights, in its notices, indicated that its meeting would be called at 7:30 p.m., whereas the meeting of the Village of Arlington Heights convened at 8 p.m. pursuant to the regular meeting schedule.

On November 16, 1981, the Prospect Heights city council passed ordinance Nos. 0—81—35 and 0—81—36 at 7:38 and 7:46 p.m., respectively. At its regular meeting, also on November 16, 1981, which commenced at 8 p.m. the Village of Arlington Heights adopted ordinances Nos. 81—149 and 81—150, annexing the same territory.

The provisions of section 7—1—40 provide that after any territory is annexed or disconnected, the chief executive officer of the municipality shall within 90 days file for recordation in the recorder's office of the county where the territory is situated a certified copy of the ordinance together with an accurate map of the territory annexed or disconnected. (Ill. Rev. Stat. 1981, ch. 24, par. 7—1—40.) Pursuant to those provisions, the Village of Arlington Heights recorded its ordinances with the recorder of deeds of Cook County at 9 a.m. on November 17, 1981. Prospects Heights recorded its ordinances shortly after 9 a.m. on the same date.

On November 17, 1982, Prospect Heights filed its notice and petition to file a complaint in *quo warranto* to challenge the Arlington Heights annexations. On April 6, 1983, the court granted leave to file the instant complaint. Arlington Heights filed an answer and a countercomplaint challenging the Prospect Heights annexations.

On December 16, 1986, the trial court conducted a bench trial. In addition to the question of whether annexation pursuant to section 7—1—13 of the Illinois Municipal Code is legally initiated by publication of the notice or by adoption of the ordinance, Prospect Heights contended that the legal description in Arlington Heights ordinance No. 81—150 was materially defective.

On April 3, 1987, the trial court entered an order ousting Arlington Heights from jurisdiction over the subject territory, confirming the jurisdiction of Prospect Heights over the affected territory and declaring the ordinances of Arlington Heights to be null and void. Arlington Heights appealed.

The principal issue raised is whether priority of publication of a notice of contemplated annexation pursuant to section 7—1—13 preempts subsequent annexation under the same ordinance by another municipality. The basic contention of Prospect Heights is that al-

though Arlington Heights caused notices to be published on November 4, 1981, stating that it intended to consider annexing the two parcels in issue, Arlington Heights acquired no rights in these parcels at that time. Prospect Heights argues that the publication of notice of a contemplated annexation pursuant to section 7—1—13 of the Illinois Municipal Code had no preemptive effect on annexation of the subject territory. Prospect Heights further contends that while the concept of priority, or preemption, applies to certain multistep annexation proceedings, such as annexations pursuant to sections 7—1—2 and 7—1—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, pars. 7—1—2, 7—1—8), it is not applicable here, where there is no filing of a petition or its equivalent prior to the adoption of the ordinance.

The operative provision of the statute is section 7—1—13, which provides as follows:

"Sec. 7—1—13. Whenever any unincorporated territory containing 60 acres or less, is wholly bounded by (a) one or more municipalities, (b) one or more municipalities and a river or lake, (c) one or more municipalities and the Illinois State boundary, or (d) one or more municipalities and property owned by the State of Illinois, except highway right-of-way owned in fee by the State, or (e) one or more municipalities and a forest preserve district, that territory may be annexed by any municipality by which it is bounded in whole or in part, by the passage of an ordinance to that effect after notice is given as provided in this Section. The corporate authorities shall cause notice, stating that annexation of the territory described in the notice is contemplated under this Section, to be published once, in a newspaper of general circulation within the territory to be annexed, not less than 10 days before the passage of the annexation ordinance. The ordinance shall describe the territory annexed and a copy thereof together with an accurate map of the annexed territory shall be recorded in the office of the recorder of deeds of the county wherein the annexed territory is situated and a document of annexation shall be filed with the county clerk and County Election Authority." Ill. Rev. Stat. 1981, ch. 24, par. 7—1—13.

The language of the statute indicates that a valid annexation could not take place without the required notices and both parties agree that the publication of notice is mandatory under section 7—1—13. They disagree, however, as to whether the filing of notice has a preemptive effect on the annexation of a subject territory. Arlington Heights contends that annexation under section 7—1—13 is a two-step

process, the first step being the giving of notice not less than 10 days before the passage of the annexation ordinance and the second step being the actual adoption of the ordinance itself. The position of the Village is that the prior pendency of the Arlington Heights annexations deprived Prospect Heights of authority to annex the same territory.

Prospect Heights contends that section 7—1—13 provides for a one-step annexation. The City argues that publication of notice of a section 7—1—13 annexation cannot be deemed to have a preemptive effect because publication, unlike the filing of a petition, does not initiate a proceeding, citing *In re Annexation to City of Prospect Heights* (1982), 107 Ill. App. 3d 1045, 438 N.E.2d 574, *appeal denied sub nom. Village of Arlington Heights v. City of Prospect Heights* (1982), 91 Ill. 2d 567. The City further argues that as the required notice must state only that the "annexation of the territory described in the notice is *contemplated*" (emphasis added) (Ill. Rev. Stat. 1981, ch. 24, par. 7—1—13), and as mere contemplation need not result in a conclusive decision on the matter, it should not be construed as "initiating" an annexation proceeding. Prospect Heights also maintains that basing annexation priority on the date of notice would allow a municipality to claim unincorporated territory well in advance of annexation, which would frustrate land use planning and the orderly extension of municipal boundaries. We disagree.

■■ The law is well established that the statutory requirements for annexation must be strictly complied with in order to annex territory. (*People ex rel. Hopf v. Village of Bensenville* (1971), 132 Ill. App. 2d 907, 910, 272 N.E.2d 50.) Where notice is required by statute but has been improperly given, annexation proceedings have been found to be invalid. (See, *e.g., People ex rel. County of St. Clair v. City of Belleville* (1981), 84 Ill. 2d 1, 8, 417 N.E.2d 125; *People ex rel. Armentrout v. City of Aurora* (1981), 95 Ill. App. 3d 983, 985, 420 N.E.2d 833.) In order to annex land under section 7—1—13, the required notice must be given prior to the adoption of the annexation ordinance. These steps are clearly jurisdictional and we therefore hold that Arlington Heights gained priority by reason of having first published the required notices.

The concept of priority, or preemption, first developed in municipal incorporation proceedings. (See, *e.g., City of East St. Louis v. Touchette* (1958), 14 Ill. 2d 243, 150 N.E.2d 178; *People ex rel. Hathorne v. Morrow* (1899), 181 Ill. 315.) In *Touchette*, the court stated "it is clear that no proceeding for the annexation of a territory, or a part thereof, to any other municipality may be legally initiated

after a petition for the organization of said territory into a city has been filed unless said organization is defeated." (*City of East St. Louis v. Touchette*, 14 Ill. 2d at 249.) *People ex rel. Hathorne v. Morrow* (1899), 181 Ill. 315, 322, similarly held that an annexation proceeding was void when instituted after the filing of a petition to organize the territory into a village, which petition was still pending and undetermined.

In *City of Countryside v. Village of La Grange* (1962), 24 Ill. 2d 163, 180 N.E.2d 488, the doctrine of priority was applied to certain annexation proceedings under section 7—2 of the revised cities and villages act (Ill. Rev. Stat. 1959, ch. 24, par. 7—2) as they involved the "incorporation" of previously unincorporated territory by annexation to an existing municipality. The court held that the priority rule applied not only in the case of a conflict between an incorporation petition and an annexation petition but with respect to two competing annexation proceedings. (*City of Countryside*, 24 Ill. 2d at 166.) The effect of these rulings is to allow a municipality which has initiated an annexation proceeding to proceed in a logical and orderly manner to annex certain territory, assuming that it acts promptly and in accordance with the statute.

■ While the case at bar is not directly analogous to the previously cited cases in that it does not involve either a petition by property owners or the filing of an ordinance in court by a municipality under section 7—1—2 or the filing of a petition by all the owners under section 7—1—8, we believe that the underlying principle is the same under section 7—1—13. By filing a notice stating that it contemplated annexing the territory, Arlington Heights initiated the proceeding for annexation of the territory in issue. Having given notice of the Village's intent, Arlington Heights had priority and could not be ousted unless it abandoned or rejected the annexation ordinance. See *People ex rel. Village of Worth v. Ihde* (1961), 23 Ill. 2d 63, 177 N.E.2d 313.

Here the Village of Arlington Heights took the first step to annex the territory in question. The Village gave the requisite notice and could do nothing in furtherance of the annexation until the tenth day following the publication of notice. The matter was then considered at the next scheduled meeting of the city council and the ordinance was promptly approved and passed. As the Village established priority and acted promptly and in accordance with the statute, we hold that ordinances Nos. 81—149 and 81—150 were valid.

In *People ex rel. City of Leland Grove v. City of Springfield* (1988), 166 Ill. App. 3d 943, 520 N.E.2d 1205, the court held that an

involuntary annexation proceeding pursuant to section 7—1—13 is initiated not by the publication of notice but by the passage of an ordinance by the annexing municipality. We find that opinion is not persuasive, as the question before that court involved determining priority between competing annexation proceedings under sections 7—1—13 and 7—1—8, whereas here the question of priority arose between two proceedings under section 7—1—13. Our finding that where two municipalities file competing proceedings under section 7—1—13 the municipality filing first in time has priority allows for orderly annexation proceedings and avoids the problem of a "race to the courthouse" wherein municipalities schedule meetings at odd hours solely for the purpose of passing an annexation ordinance prior to a previously scheduled meeting of a neighboring municipality.

Prospect Heights argues that section 7—1—13 should be analogized to section 7—1—2 of the Illinois Municipal Code, which was at issue in *In re Annexation to City of Prospect Heights* (1982), 107 Ill. App. 3d 1045, 438 N.E.2d 574, *appeal denied sub nom. Village of Arlington Heights v. City of Prospect Heights* (1982), 91 Ill. 2d 567, and which was relied on by the trial court below. The court in *Prospect Heights* held that Prospect Heights' adoption of a statutorily authorized ordinance which expressed the mere desire to annex certain territory was not invalidated by a pending petition by landowners to annex the same territory in that the city's annexation proceeding was not "initiated" within the meaning of the statute until it had filed its annexation ordinance in court subsequent to the dismissal of the landowner's petition. We have considered the court's opinion in that case, but as it construes section 7—1—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 7—1—2), which provides for an entirely different type of annexation proceeding, we do not believe it is determinative here.

Having determined that the judgment of ouster against Arlington Heights should be reversed, we need not reach the issue of whether Prospect Heights published a timely notice of its intent to annex the subject territory or whether the prior recording of its ordinance by Arlington Heights is legally significant.

■ We must, however, still consider Prospect Heights' claim that the legal description in Arlington Heights ordinance No. 81—150, the second of the two ordinances in issue, is materially defective and therefore void. (Ill. Rev. Stat. 1981, ch. 24, par. 7—1—4.) The basis for the contention is that the territory legally described in the ordinance is not wholly surrounded by one or more municipalities as required by section 7—1—13.

Section 7—1—4 requires dismissal of an annexation ordinance where the legal description contained therein is materially defective; however, such descriptions are not construed with the same strictness as those contained in deeds and contracts. If the ordinance and the accompanying map, when viewed together, fairly apprise the public of the property involved, the description will be considered proper. *People ex rel. Village of Worth v. Ihde* (1961), 23 Ill. 2d 63, 66, 177 N.E.2d 313; *In re Annexation to City of Prospect Heights* (1982), 107 Ill. App. 3d 1045, 438 N.E.2d 574, *appeal denied sub nom. Village of Arlington Heights v. City of Prospect Heights* (1982), 91 Ill. 2d 567.

The legal description challenged by Prospect Heights refers to a call in the description relating to the "west line of the east half of the northeast quarter of the southeast quarter of Section 20." The following language also appears following the above in the legal description on the plat of annexation "(being also the east line of the following subdivision, Cammie-Lee Subdivision Unit Two)." An examination of the plat of annexation shows clearly that the boundary of the property annexed extends to the east line of the Cammie-Lee Subdivision Unit Two.

The defect in the legal description was an obvious or patent defect which was corrected by the true and accurate map attached to the ordinance when recorded. The inaccuracies alleged are not such that the public and the affected property owners would not be fairly apprised of the territory that was to be annexed (*cf. People ex rel. County of St. Clair v. City of Belleville* (1981), 84 Ill. 2d 1, 9-10, 417 N.E.2d 125), nor is there an ambiguity or vagueness too great to allow the petition to stand (*cf. In re Annexation to Village of Green Oaks* (1978), 58 Ill. App. 3d 842, 845, 374 N.E.2d 854, *appeal denied sub nom. Graham v. Chicago Title & Trust Co.* (1978), 71 Ill. 2d 608). Accordingly, we find that the legal description in the Arlington Heights ordinance No. 81—150 is not materially defective and the ordinance is valid.

For the foregoing reasons we reverse the decision of the circuit court of Cook County granting the judgment of ouster and dismissing the counterclaim in *quo warranto*.

Judgment reversed.

CAMPBELL, P.J., and QUINLAN, J., concur.