THE PEOPLE *ex rel.* THE VILLAGE OF NORTHBROOK, Plaintiff-Appellant and Cross-Appellee, v. THE VILLAGE OF GLENVIEW, Defendant-Appellee and Cross-Appellant.

First District (6th Division) Nos. 1—88—3448, 1—88—3449 cons.

Opinion filed September 8, 1989.

Burke, Bosselman & Weaver, of Chicago (Clifford L. Weaver, Steven M. Elros, Victor P. Filippini, Jr., and David A. Lochbihler, of counsel), for appellant.

Klein, Thorpe & Jenkins, Ltd., of Chicago, and Jeffrey M. Randall, of Randall, Gayle & Patt, of Waukegan, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, the Village of Northbrook, and defendant, the Village of Glenview, both sought to annex the same property, designated as parcels 7, 8, 9, 10, 11 and 12, and subsequently filed these *quo warranto* actions pursuant to section 18—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 18—101 *et seq.*). The parties filed cross-motions for summary judgment. The trial court entered summary judgment in favor of Glenview with respect to parcels 9, 10, 11 and 12 and entered summary judgment in favor of Northbrook with respect to parcels 7 and 8. Northbrook appeals, and Glenview cross-appeals. Each seeks the right to annex all six parcels, and each contends that it attained exclusive jurisdictional priority over the property. Northbrook also contends that Glenview's annexation proceedings suffer from fatal procedural defects.

The unincorporated territory totals less than 60 acres and is surrounded by the village boundaries of Northbrook and Glenview, as shown in the diagram contained in the appendix to this opinion.

On February 1, 2 and 3, 1988, Northbrook published notices regarding the annexation of the property at issue in the Chicago Tribune pursuant to section 7—1—13 of the Illinois Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—13) (involuntary annexation provision).

On February 3, Northbrook notified the trustees of the Northbrook and Glenbrook rural fire protection districts in writing by certified mail that Northbrook's board of trustees would consider the annexation on February 15, 1988.

On February 11 and 12, Glenview received petitions signed by all owners and electors residing in the disputed territory, requesting annexation of the property by Glenview, pursuant to section 7—1—8. Ill. Rev. Stat. 1987, ch. 24, par. 7—1—8 (voluntary annexation provision).

On February 15, Northbrook held its board of trustees' meeting. By unanimous vote, the board adopted an ordinance annexing the property. On February 16, Northbrook published the ordinance. On the same day, Northbrook recorded the ordinance and affidavits of service to the fire protection districts with the recorder of deeds.

On February 18 and 19, Glenview personally served the trustees of the Northbrook and Glenbrook rural fire protection districts with notice of Glenview's consideration of an ordinance to annex the disputed property.

On March 1, Glenview adopted four annexation ordinances, including all of the disputed property. On March 2, Glenview recorded the ordinances with certifications of notice signed by its village clerk. On March 2, Northbrook asked the Attorney General of Illinois and the Cook County State's Attorney to bring *quo warranto* actions against Glenview, but those officials refused to do so, stating it was a local matter.

On March 9, Northbrook sought leave to bring this action in the trial court. On March 25, Glenview sought leave to bring its action. The trial court granted both villages leave to file *quo warranto* actions. The parties entered a stipulation of facts and filed cross-motions for summary judgment.

We first address several objections made by Northbrook regarding procedural defects in Glenview's annexation procedures.

Northbrook complains that Glenview failed to serve proper statutory notice on the trustees of the affected fire protection districts because it used personal service rather than certified or registered mail. The trial court agreed that the notices were not served in the manner prescribed by statute, but concluded that the service was sufficient because personal service is a better form of service than certified mail.

█ The statute provides that when land "proposed to be annexed is part of any Fire Protection District or of any Public Library District, *** the Trustees of each District shall be notified in writing by certified or registered mail before any court hearing or other action is taken for annexation. *** No annexation of such land is effective unless service is had *** as provided in this Section." (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—1.) Glenview served the trustees of the Northbrook and Glenbrook fire protection districts by personal service, and not by certified or registered mail. None of the trustees contested the service.

█ We find that personal service satisfies the statutory requirement of notice by certified or registered mail. (See *Matthiessen v. Board of Education of North Chicago Community High School District No. 123* (7th Cir. 1988), 857 F.2d 404 (actual notice satisfies require-

ment of registered mail), citing *Glover v. Board of Education* (1975), 62 Ill. 2d 122, 340 N.E.2d 4, and *Donahoo v. Board of Education* (1952), 413 Ill. 422, 109 N.E.2d 787.) Personal service constitutes full compliance with the intent of the statute and in fact satisfies the statutory purpose even more fully than the precise methods of service listed in the statute. See *Donahoo v. Board of Education* (1952), 346 Ill. App. 241, 104 N.E.2d 833, *rev'd on other grounds* (1952), 413 Ill. 422, 109 N.E.2d 787.

In arguing that the trial court erred in approving personal service, Northbrook cites *People ex rel. Hopf v. Village of Bensenville* (1971), 132 Ill. App. 2d 907, 272 N.E.2d 50. However, in *Hopf* no service was made at all.

■ Northbrook next complains that Glenview's affidavit in the recorded notice was ineffective because the village clerk's oath was not notarized. The statute provides that an "affidavit that service of notice has been had as provided by this Section must be filed with *** the recorder for the county where such land is situated. No annexation of such land is effective unless *** the affidavit [is] filed as provided in this Section." (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—1.) Glenview's village clerk signed an affidavit stating "under oath" that due notice was given to the trustees of the fire protection districts. The statement was not notarized, but the trial court found the affidavit was in accordance with the statute.

■ A village clerk has the power to administer oaths and affirmations. (Ill. Rev. Stat. 1987, ch. 24, par. 3—9—3; see also Ill. Rev. Stat. 1987, ch. 24, par. 3—10—7 (clerk certifies all papers filed in the clerk's office); Ill. Rev. Stat. 1987, ch. 110, par. 8—1203 (clerk certifies municipal records).) The clerk is an officer, and his acts are official. (*City of Chicago v. McCoy* (1891), 136 Ill. 344, 26 N.E. 363.) Thus, the statute's requirements were sufficiently met here, despite the absence of the notarization. In view of our holding, we decline to consider Glenview's assertion that it subsequently recorded an amended notice which was sworn to before a notary public.

Having found no procedural defects which nullify Glenview's annexation proceedings, we proceed to address the heart of these actions, the issue of which village, Glenview or Northbrook, had jurisdictional priority in the annexation.

■ The general rule governing conflicting petitions to annex or incorporate the same tract of land is that the first to initiate an annexation is entitled to priority over the territory against all other parties initiating such a proceeding at a later date. *In re Organization of Byron Park District* (1978), 67 Ill. App. 3d 61, 385 N.E.2d 67.

Thus, in jurisdictional priority issues, priority in time is conclusive. Priority is typically determined by the time of initiation of the annexation proceedings. In some jurisdictions, the initiation turns on the first public procedural step required by the statute for the particular method used, or upon some other rule. See generally 1 C. Sands & M. Libonati, Local Government Law §8.32, at 8—167 (1981 & Supp. 1988).

Northbrook contends that it was first to initiate its proceeding to annex (10 days before the electors gave Glenview the voluntary petition to annex) and completed its annexation proceedings before Glenview even served notice of its proceedings. It maintains that jurisdiction becomes exclusive in the body before which proceedings are first instituted, and that its filing of notice of involuntary annexation served as the first mandatory public procedural step which caused jurisdiction to vest in Northbrook.

Glenview counters that Northbrook's publication of notice merely permitted the owners of the property which was to be annexed to respond to Northbrook's proposed annexation, and that publication did not give Northbrook jurisdiction. The property owners may choose to voluntarily annex to a municipality until such time as the first municipality actually adopts its annexation ordinance. Since the owners petitioned Glenview for annexation on February 11 and 12, Northbrook's February 15 adoption, and February 16 recording, of an ordinance annexing the property were ineffective.

■ The Illinois statutes provide several different methods of annexation. (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—1 *et seq.*) Every method requires the approval of a certain percentage of owners and electors residing in the unincorporated territory proposed for annexation, except one. The owners and electors may initiate the annexation action (Ill. Rev. Stat. 1987, ch. 24, pars. 7—1—2, 7—1—5, 7—1—8, 7—1—11, 7—1—12), or when the municipality initiates the proceedings, the electors must vote in a referendum on the issue (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—7). However, when a tract of land is smaller than 60 acres and is nearly surrounded by a municipality, that land may be annexed without the approval of the property owners and electors. Ill. Rev. Stat. 1987, ch. 24, par. 7—1—13.

■ We note generally that annexation statutes are usually construed liberally in favor of the public. (2 E. McQuillin, Municipal Corporations §7.14, at 422 (3d ed. 1988).) Moreover, compulsory incorporation is not favored, and therefore the question of annexation is usually referred to the inhabitants. (See 1 E. McQuillin, Municipal Corporations §3.16, at 288-89 (3d ed. 1987).) There is strong public policy that the land owners of the property to be annexed have the ultimate deci-

sion. 2 E. McQuillin, Municipal Corporations §7.16, at 435 (3d ed. 1988).

■■ Northbrook emphasizes that annexation proceedings are within the unique province of the legislature. The courts, however, must inquire into the question of what law applies and determine and enforce the rights of the parties accordingly. See generally 2 E. McQuillin, Municipal Corporations §7.10, at 396 (3d ed. 1988), citing *Elm Lawn Cemetery Co. v. Northlake* (1968), 94 Ill. App. 2d 387, 237 N.E.2d 345. See also *Village of Averyville v. Peoria* (1929), 335 Ill. 106, 166 N.E. 488.

■■ In Illinois, the rule is that initiation of an involuntary proceeding under section 7—1—13 is the adoption of the ordinance, and initiation of a voluntary proceeding under section 7—1—8 is the filing of the owners'/electors' petition. Thus, Illinois does not use the "first step" rule.

Just as in the present case, in *People ex rel. Village of Buffalo Grove v. Village of Long Grove* (1988), 173 Ill. App. 3d 946, 526 N.E.2d 670, a section 7—1—8 voluntary petition conflicted with a section 7—1—13 involuntary annexation proceeding. Defendant published notice in the Chicago Tribune pursuant to section 7—1—13 of its intent to annex the land. Six days later, a voluntary petition to annex the same property was filed with plaintiff, pursuant to section 7—1—8. Four days later, defendant passed an ordinance annexing the land. The trial court denied plaintiff's petition for leave to file a complaint in *quo warranto*. This court reversed, holding that plaintiff had standing to challenge in *quo warranto* defendant's subsequent attempted annexation. The court relied on the fact that plaintiff's voluntary annexation petition was filed before defendant passed its annexation ordinance. The court expressly rejected defendant's argument that its publication of notice prior to the voluntary petition being filed gave it priority jurisdiction.

In *Buffalo Grove*, this court followed the holding in *People ex rel. City of Leland Grove v. City of Springfield* (1988), 166 Ill. App. 3d 943, 520 N.E.2d 1205, which also involved a conflict between a section 7—1—8 voluntary annexation petition and a section 7—1—13 involuntary annexation proceeding. The court pointed out that the section 7—1—13 publication of notice was only a step preliminary to "legal initiation," and that legal initiation under section 7—1—13 was the passage of the annexation ordinance. The court emphasized that the section 7—1—13 10-day notice requirement was meant "to protect the property owner" so the owners had "time to react," *e.g.*, by filing a section 7—1—8 voluntary petition "with another contiguous municipality to avoid being

forced into the original municipality under section 7—1—13." 166 Ill. App. 3d at 948, 520 N.E.2d at 1208.

The court cited "competent evidence in the record" which indicated that section 7—1—13 notice requirements "were apparently enacted in response to complaints by landowners *** whose land was being involuntarily annexed without notice under the prior law so that they could take whatever steps they thought were necessary to express their views." (*Leland Grove*, 166 Ill. App. 3d at 948, 520 N.E.2d at 1208.) The court reasoned that if publication constituted legal initiation, it "would preclude the property owners from any effective means of preventing such an annexation," and that "fundamental fairness dictates that the property owner must be allowed to choose between the several municipalities vested with annexation jurisdiction, as the landowner is the party most directly affected." (*Leland Grove*, 166 Ill. App. 3d at 948, 520 N.E.2d at 1209.) To hold otherwise would effectively nullify the effect of the notice requirement. *Leland Grove*, 166 Ill. App. 3d 943, 520 N.E.2d 1205.

Northbrook relies on *People ex rel. City of Prospect Heights v. Village of Arlington Heights* (1988), 171 Ill. App. 3d 766, 525 N.E.2d 970. In *Prospect Heights,* both municipalities sought involuntary annexations pursuant to section 7—1—13. Arlington Heights published a notice on November 4, 1981, and Prospect Heights published a notice two days later. They both held meetings on the same night, but Prospect Heights passed its ordinances at 7:38 and 7:46 p.m., while Arlington Heights passed its ordinance after 8 p.m.

In *Prospect Heights*, this court found that Arlington Heights, the first village to publish notice, gained jurisdictional priority. We held that "under section 7—1—13, the required notice must be given prior to the adoption of the annexation ordinance. These steps are clearly jurisdictional ***." We concluded: "By filing a notice stating that it contemplated annexing the territory, Arlington Heights initiated the proceeding for annexation of the territory in issue. Having given notice of the Village's intent, Arlington Heights had priority and could not be ousted ***." (*Prospect Heights*, 171 Ill. App. 3d at 770-71, 525 N.E.2d at 974.) We reasoned that this holding allowed for orderly annexation proceedings and avoids the problem of a "race to the courthouse." *Prospect Heights*, 171 Ill. App. 3d at 772, 525 N.E.2d at 974.

In *Prospect Heights*, we distinguished the holding in *Leland Grove* that a section 7—1—13 proceeding is not initiated by publication of notice, but by the passage of an ordinance by the annexing municipality. In *Prospect Heights*, we stated: "We find that [*Leland Grove*] is not persuasive, as the question before that court involved determining pri-

ority between competing annexation proceedings under sections 7—1—
13 and 7—1—8, whereas here the question of priority arose between
two proceedings under section 7—1—13." *Prospect Heights*, 171 Ill.
App. 3d at 772, 525 N.E.2d at 974.

 In sum, we hold that Glenview gained jurisdictional priority
over Northbrook. Under *People ex rel. Village of Buffalo Grove v. Village of Long Grove*, priority is established when a section 7—1—8 voluntary annexation petition is filed. Thus, when the owners and electors
residing in the disputed territory filed their petition with Glenview on
February 11 and 12, Glenview gained priority over the Northbrook annexation ordinance passed on February 15 and published and recorded
on February 16. Under *People ex rel. City of Leland Grove v. City of
Springfield*, Northbrook's February 1, 2 and 3 publication of notice
was merely a preliminary step and did not constitute legal initiation for
jurisdictional purposes.

By way of cross-appeal, Glenview contends that the trial court
erred in finding Glenview could not annex parcels 7 and 8 because they
were not contiguous to Glenview.

 Section 7—1—8 of the Illinois Municipal Code provides that
territory may be annexed if it is "contiguous to a municipality at the
*time of annexation.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 24,
par. 7—1—8.) This language, adopted immediately after *People ex rel.
County of St. Clair v. Belleville* (1981), 84 Ill. 2d 1, 417 N.E.2d 125,
eliminated the effect of *Belleville*'s holding that the property must be
contiguous "contemporaneous with the filing of the petition." *Belleville*, 84 Ill. 2d at 11; see also Ill. Rev. Stat. 1987, ch. 24, par. 7—1—48
(permitting simultaneous annexation of multiple parcels).

It is not required that each parcel be contiguous to the annexing
municipality, where the parcels are contiguous to each other and at
least one tract is contiguous to the annexing municipality. See *People
ex rel. Village of South Barrington v. Village of Hoffman Estates*
(1964), 30 Ill. 2d 385, 198 N.E.2d 97. See also, *e.g., Banzer v. City of
Wichita* (1985), 237 Kan. 798, 703 P.2d 812; *Township of Midland v.
Michigan State Boundary Comm'n* (1977), 401 Mich. 641, 259 N.W.2d
326; *Hendricks v. City of Nampa* (1969), 93 Idaho 95, 456 P.2d 262;
*City of Bettendorf v. Abeln* (1967), 261 Iowa 404, 154 N.W.2d 836. See
generally Annot., *What Land is Contiguous or Adjacent to Municipality so as to be Subject to Annexation*, 49 A.L.R.3d 589, §5 at 604-06
(1973 & Supp. 1988) (listing decisions from numerous jurisdictions in
accord with this rule); 56 Am. Jur. 2d *Municipal Corporations* §69, at
126 (1971) (stating rule that tracts only need to be contiguous to each
other, citing *People ex rel. Village of South Barrington v. Village of*

*Hoffman Estates* (1964), 30 Ill. 2d 385, 198 N.E.2d 97).

Northbrook argues that Glenview could only establish the required contiguity with parcels 7 and 8 by effectively annexing either parcel 10 or parcel 12 first.

On March 1, 1988, Glenview adopted successive annexation ordinances. The first related to parcels 9 and 10; the second related to parcels 7 and 8; and the third related to parcels 11 and 12. Northbrook maintains that because no annexation is effective until the affidavit of service is recorded under section 7—1—1, Glenview did not effectively annex parcels 10 or 12 until the day of recording, March 2. Thus, on March 1, the ordinance relating to annexation of parcels 7 and 8 would be invalid because on that day, they were not contiguous to Glenview's boundaries. Northbrook also argues that Glenview did not even try to annex the land simultaneously in a single annexation proceeding under section 7—1—48; instead, it considered four separate annexations in *seriatim* proceedings. Northbrook makes these arguments without citation to any case law.

▬▬ Initially we note that there is no requirement that parcels be adopted in the same ordinance, and there is no prohibition against adopting three annexation ordinances at the same meeting. Section 7—1—48, permitting annexation of multiple parcels at the same time, merely refers to "a single annexation proceeding." Ill. Rev. Stat. 1987, ch. 24, par. 7—1—48.

Whether Glenview adopted successive ordinances at the same meeting, or adopted a single ordinance encompassing all parcels, is not determinative of the issue here. Using either method, the rule we base our holding upon remains the same, *i.e.*, that separate parcels need only be contiguous to each other, and need not each be contiguous to the municipality's boundaries.

We hold that Glenview properly annexed parcels 7 and 8, and the trial court erred in finding a lack of contiguity. Thus, we reverse that portion of its judgment.

For the foregoing reasons, the order of the circuit court of Cook County granting summary judgment in favor of Glenview as to parcels 9, 10, 11 and 12 is affirmed; and the order granting summary judgment in favor of Northbrook as to parcels 7 and 8 is reversed, and the cause is remanded for further proceedings consistent with the views contained herein.

Affirmed in part, reversed in part, and remanded.

EGAN, P.J., and QUINLAN, J., concur.

APPENDIX

▨▨▨▨▨▨ Property Annexed by Glenview and Northbrook.

 Corporate limits of Northbrook as of
 February 3, 1988.

▨▨▨▨▨▨ Corporate limits of Glenview as of
 February 3, 1988.

[Parcels 1 through 6 were annexed only by Northbrook and are
not involved in this litigation.]