821 P.2d 357

**AMREP SOUTHWEST, INC., a New Mexico Corporation, Plaintiff–Appellee,**

v.

**The TOWN OF BERNALILLO, a Municipal Corporation, Defendant–Appellant.**

**The TOWN OF BERNALILLO, a Municipal Corporation, Plaintiff–Appellant,**

v.

**CITY OF RIO RANCHO, a Municipal Corporation, Defendant–Appellee.**

**In the Matter of an Appeal from the Ruling of the Municipal Boundary Commission on the Petition of the CITY OF RIO RANCHO, SANDOVAL COUNTY, New Mexico, for the Annexation of Certain Lands.**

**No. 13084.**

Court of Appeals of New Mexico.

Sept. 25, 1991.

Certiorari Denied Nov. 5, 1991.

**20**

Matthew M. Spangler, Lastrapes & Spangler, Rio Rancho, for plaintiff-appellee Amrep Southwest, Inc.

George H. Perez, Bernalillo, for defendant-appellant, plaintiff-appellant Town of Bernalillo.

John A. Aragon, Coppler and Aragon, Santa Fe, for defendant-appellee City of Rio Rancho.

OPINION

HARTZ, Judge.

The Town of Bernalillo appeals a district court order partially affirming and partially reversing a decision of the Municipal Boundary Commission. The calendar notice proposed summary affirmance. All parties have timely responded to the calendar notice. Not persuaded by Bernalillo's arguments, we affirm. We apply the doctrine of prior jurisdiction to resolve a conflict between inconsistent annexation proceedings.

Bernalillo and the City of Rio Rancho both desire to annex approximately 500 acres north of Rio Rancho and west of Bernalillo. We must consider proceedings initiated by three different annexation petitions. The disputed 500 acres is included within the land described in each petition.

On November 6, 1985, Rio Rancho made the first move by submitting a petition with the boundary commission for annexation of 11,455 acres. The commission accepted the petition and on November 21 published notice that a hearing on the petition would be held on January 2, 1986. In response to Rio Rancho's action, more than 120 landowners signed a petition to annex to Bernalillo a parcel including their lands. This petition was filed with the Bernalillo town clerk on November 23. Amrep Southwest, Inc., the owner of substantial acreage surrounding Rio Rancho, had been forewarned that such a petition was being prepared. On November 21 Amrep had petitioned Rio Rancho to annex certain territory and requested the mayor to declare an emergency so that the annexation could be accomplished before Bernalillo annexed any portion of the territory. In the absence of an emergency declared by the mayor "to be an immediate danger to the public health, safety and welfare of the municipality," two weeks' published notice would be required before the annexation ordinance could be considered by the governing body of the municipality. NMSA 1978, § 3–17–3(A) (Repl.Pamp.1985).

The Rio Rancho mayor declared an emergency and the annexation ordinance was adopted by the city governing body at 8:00

a.m. on November 23. Bernalillo, however, had already acted. At 3:00 a.m. the same day, the landowners' petition had been received by the Bernalillo town clerk and the town board of trustees had adopted its annexation ordinance a few minutes thereafter. On December 9, 1985, the Rio Rancho governing body adopted a second ordinance approving the same Amrep annexation petition; the second ordinance apparently was adopted because of concern that the emergency had not been properly declared.

The boundary commission conducted hearings on Rio Rancho's petition on January 2 and February 1, 1986. Because of a possible conflict of interest, one of the commissioners did not participate. The two remaining commissioners found that the area described in the petition was contiguous to Rio Rancho and that Rio Rancho may provide services to the area.[1] Acting Chairman Floyd Kezle voted in favor of annexation of the entire area described in the petition. Commissioner John Balagna agreed, except for the disputed 500 acres. He expressed concern about jurisdiction and pending litigation but concluded, "[I]f the courts finds [sic] the conflict of jurisdiction question, which presently exists, no longer viable, I believe the order should be written to annex (the disputed area) to Rio Rancho." The commission's order stated that the disputed area "not be annexed to the City of Rio Rancho at this time."

Amrep petitioned Sandoval County district court for review of Bernalillo's annexation ordinance and petitioned Santa Fe County district court for review of the boundary commission's denial of annexation of the disputed area. Bernalillo petitioned Sandoval County district court for review of Rio Rancho's annexation ordinances. The three court proceedings were consolidated in Santa Fe County district court. The district court held that the commission had priority of jurisdiction over the annexation. It ordered the commission to approve annexation since it had found that the land was contiguous to Rio Rancho and that Rio Rancho may provide services. *See* NMSA 1978, § 3-7-15(B) (Repl.Pamp.1987).

■ We affirm the ruling of the district court. After Rio Rancho filed its petition with the boundary commission, the commission acquired jurisdiction over the annexation issue. Thereafter, the commission's decision-making process was entitled to priority. Neither the City of Rio Rancho nor the Town of Bernalillo was authorized to adopt annexation ordinances in competition with the commission. New Mexico has long followed the doctrine of prior jurisdiction to resolve conflicts between courts having overlapping jurisdiction. In *In re Doe*, 98 N.M. 442, 445, 649 P.2d 510, 513 (Ct.App.1982), we wrote, "Simply stated, the court first obtaining jurisdiction retains it as against a court of concurrent jurisdiction in which a similar action is subsequently instituted between the same parties seeking similar remedies involving the same subject matter." The reason for the rule is that it "is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons." *State ex rel. Parsons Mining Co. v. McClure*, 17 N.M. 694, 707, 133 P. 1063, 1067 (1913) (quoting *Farmers' Loan & Trust Co. v. Lake St. Elevated R.R.*, 177 U.S. 51, 61, 20 S.Ct. 564, 568, 44 L.Ed. 667 (1900)).

■ Bernalillo contends that the doctrine of prior jurisdiction should not apply to annexation proceedings in the absence of a statute adopting the doctrine. To be sure, in at least one decision the doctrine was supported by a statutory codification. *See Borghi v. Board of Supervisors of County of Alameda*, 133 Cal.App.2d 463, 284 P.2d 537 (1955). The California statute, however, merely codified the common-law rule previously recognized in California, *see People v. Town of Corte Madera*, 115 Cal.

---

1. We note our disagreement with Bernalillo's contention that Commissioner Balagna failed to find that Rio Rancho had established the statutory prerequisites to annexation. Although some language of the opinions, taken out of context, could be so interpreted, any doubt is removed by the statement in Commissioner Balagna's opinion that annexation should be ordered if the courts find that the commission had jurisdiction.

App.2d 32, 251 P.2d 988 (1952), and the commentators appear to be unanimous in stating that the common-law rule applies to annexation proceedings. *See* 2 E. McQuillin, *The Law of Municipal Corporations* § 7.22a (3d ed. 1988); 1 C. Antieau, *Municipal Corporation Law* § 1A.16 (1989); O. Reynolds, Jr., *Handbook of Local Government Law* § 71 (1982). We hold that the doctrine of prior jurisdiction governs annexation disputes in New Mexico. *City of Burlington v. Town of Elon College*, 310 N.C. 723, 314 S.E.2d 534 (1984); *People ex rel. City of Prospect Heights v. Village of Arlington Heights*, 171 Ill.App.3d 766, 121 Ill.Dec. 663, 525 N.E.2d 970 (1988); *In re Appeal of City of Lenexa to Decision of Bd. of County Comm'rs. of Johnson County*, 232 Kan. 568, 657 P.2d 47 (1983). The policy reasons supporting the doctrine's application to judicial proceedings are equally valid in the context of administrative proceedings.

■ Bernalillo next contends that the doctrine of prior jurisdiction could no longer give precedence to the boundary commission proceeding once the commission declined. to order that the disputed territory be annexed to Rio Rancho. We disagree. Perhaps if the boundary commission had ruled on the merits that the disputed territory should not be annexed to Rio Rancho, then we would need to determine whether Rio Rancho or Bernalillo was entitled to the benefit of the doctrine of prior jurisdiction with respect to the ordinance each adopted. *See Landis v. City of Roseburg*, 243 Or. 44, 411 P.2d 282 (1966) (incorporation defeated at election so second municipality may proceed with incorporation); *Town of Clive v. Colby*, 255 Iowa 483, 123 N.W.2d 331 (1963) (after first town found to be incapable of extending services to the area, second municipality can proceed with annexation); *In re Appeal of City of Lenexa to Decision of Bd. of County Comm'rs. of Johnson County* (once board of county commissioners denies city's petition, city's efforts at annexation lose any priority). But that is not what happened here. The opinions of the two members of the commission who sat on the matter show that both believed that the annexation proposed in Rio Rancho's petition met statutory requirements. The only problem was that one commissioner had concerns about whether the commission had jurisdiction to provide for annexation of the disputed 500 acres. His opinion made clear that annexation should be ordered if the courts found jurisdiction in the commission. As we understand his opinion, he simply conditioned annexation on a judicial determination of jurisdiction. Thus, the commission made a decision subject to the result of further judicial proceedings. In substance, the commission approved the annexation of all territory described in Rio Rancho's petition, but stayed annexation of the disputed area pending a judicial determination of the commission's jurisdiction over that matter. We see no reason to carve out an exception to the doctrine of prior jurisdiction in this context.

Finally, Bernalillo contends that there was not substantial evidence to support a determination by the boundary commission that the requirements of Section 3–7–15(A)(2) were satisfied with respect to annexation by Rio Rancho of the disputed area. We reject this contention because Bernalillo has neither shown how it preserved this issue in the district court nor has it set forth the evidence pertinent to the issue. *See Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct.App. 1984); SCRA 1986, 12–208(B)(3), (4).

Having decided that the doctrine of prior jurisdiction applies, we need not address the propriety of the declarations of emergency by Rio Rancho and Bernalillo. For the reasons stated above, we affirm the decision of the district court.

IT IS SO ORDERED.

MINZNER and CHAVEZ, JJ., concur.