IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO
HUMAN RIGHTS COMMISSION,

    Petitioner-Appellee,

v.                                                                            No. 28,756

ALLIANCE COMMUNICATION,

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie M. Huling, District Judge**

N.M. Human Rights Commission
Sonny R. Swazo, Assistant Attorney General
Tania Maestas, Assistant Attorney General
Santa Fe, NM

for Appellee

Dennis W. Montoya
Rio Rancho, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

The district court entered an order enforcing an order and judgment of the Human Rights Commission (the Commission). [RP 126] Respondent, Alliance Communication, moved to reconsider. The court denied the motion [RP 129], and

Respondent appealed. Our notice of proposed summary disposition proposed to affirm. Respondent filed a memorandum in opposition. We have considered Respondent's arguments, but are not persuaded by them. Accordingly, we affirm the district court's order denying Respondent's motion to reconsider.

**BACKGROUND**

The Commission entered an order and judgment in favor of Gary Townsend. [RP 7] The Commission found that Mr. Townsend was an employee of Respondent, that Respondent did not pay him for three periods of time in 2002, and that Respondent terminated him based on a disability and because of his race. [RP 7-9] The Commission found damages, costs, and interest due to Mr. Townsend in the amount of $15,168.22. [RP 7-9] The Commission then filed this action in district court to enforce the Commission's order. [RP 1] The court ordered enforcement of the order. [RP 126] Respondent filed a motion to reconsider the court's order, which was denied. [RP 129]

**DISCUSSION**

Respondent argues that the court should have granted its motion to reconsider the court's order enforcing the order and judgment of the Commission. [Amended DS 7] We review a district court's ruling on a motion to reconsider for an abuse of

discretion. *See GCM, Inc. v. Kentucky Cent. Life Ins. Co.*, 1997-NMSC-052, ¶ 28, 124 N.M. 186, 947 P.2d 143.

**A.    Notice**

Respondent claims that it did not have appropriate notice, and therefore the Commission's order and judgment cannot stand. The Human Rights Act requires that a respondent be served "personally or by registered mail, return receipt requested." *See* NMSA 1978, § 28-1-10(F) (2005). We review the question of notice as a mixed question of law and fact. *See Cordova v. N.M. Taxation & Revenue Dep't*, 2005-NMCA-009, ¶ 17, 136 N.M. 713, 104 P.3d 1104 (observing that the appellate court defers to the district court's findings that are supported by substantial evidence, but independently reviews the legal effect of the facts so established). Respondent claims that its agent, Mr. Ernest Chavez, was never notified. [MIO 2-4]

The record contains substantial evidence that Respondent was provided with the notice required by statute and had actual notice. Mr. Chavez is listed as the owner, president, and registered agent of Respondent. [RP 80-81] The initial certified letter sent to Mr. Chavez was returned by the post office. [RP 71, 84, 89] The Human Rights Division's (the Division) investigator learned that Mr. Chavez had an address at 4130 Rio Grande N.W., in Albuquerque, and on February 10, 2003, the investigator

3

re-mailed the letter to Mr. Chavez at that address. [RP 71, 84] On February 13, 2003, Mr. Chavez called the investigator to inquire about the case and stated he would be submitting a response to the complaint. [RP 72, 85] On February 17, 2003, the investigator mailed another letter to Mr. Chavez at the Rio Grande address regarding a prospective probable cause determination. On April 4, 2003, the Division director issued a probable cause determination letter and set a hearing date of December 3 and 4, 2003. [RP 72, 85, 91] This letter was sent by certified mail to Mr. Chavez at the Rio Grande address. [RP 72, 85, 89] Mr. Chavez signed for the letter on April 7, 2003. [RP 72, 85, 89] On April 7, a second letter was sent to Mr. Chavez at the Rio Grande address. [RP 72, 93] On April 25, 2003, a third letter was sent to the same address. [RP 72] On June 25, 2003, the Division sent a letter to Mr. Townsend with a copy to Mr. Chavez. [RP 73, 95-96]

In October 2003, Mr. Chavez began having his mail forwarded to the office of Mr. Joe Romero, Jr., a director of Respondent, at an address on Lomas Boulevard. [RP 73] On November 19, 2003, the Division mailed by certified mail a letter to Respondent at the Rio Grande address, notifying him of the hearing on December 3. [RP 73] The letter was signed for by Ms. Maribel Ortega, who received the forwarded letter at the Lomas address. [Id.; RP 101-04] She had been instructed to put Mr.

4

Chavez's mail in a basket, and he would pick it up. [RP 73, 103 (p. 12)] She stated that she put the letter in Mr. Chavez's mail basket. [RP 103 (p. 12)] Respondent did not appear at the December hearing. [RP 74]

In contrast to this evidence, in response to the Commissioner's motion in the district court for an order enforcing the Commission's order, Respondent offered only the affidavit of Mr. Chavez, which merely stated that he was never notified of the action or of any hearing before the Commission. [RP 113 (¶ 14)] However, there was substantial evidence that Mr. Chavez was properly notified, and the district court was not required to accept Mr. Chavez's version of events. *Cf. State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

Respondent's memorandum argues that the facts about notice are disputed and then relies on summary judgment standards to argue that the district court could not reject its claim of lack of notice because there were genuine issues of material fact. [MIO 3-4] This argument misses the mark. This is not a case involving summary judgment. Respondent's claim that it received no notice was a question for the district

court to resolve. The court considered the evidence and resolved the question against Respondent.

Finally, in its memorandum, Respondent now claims that "there was never a hearing below" on the notice issue. [MIO 4] We interpret this as a due process claim. Respondent's argument that there was never a hearing on the notice issue was not raised in its first docketing statement (which we rejected as noncompliant with our appellate rules), or in its amended docketing statement, which only argued that, as a matter of fact, Respondent did not receive notice. We have reviewed the record, and do not see that Respondent's new due process claim—that there was never a hearing at all—was raised below. Nor was it raised in its amended docketing statement. For the first time, in its memorandum, Respondent claims there was no hearing on the notice issue. [MIO 4] However, Respondent has not moved to amend its amended docketing statement to raise this new issue. *See* Rule 12-208(F) NMRA. Without a motion to amend, this argument need not be addressed. *Cf. State v. Lucero*, 109 N.M. 298, 304-05, 784 P.2d 1041, 1047-48 (Ct. App. 1989) (holding that an issue that was not raised in the docketing statement, or in a timely motion to amend, need not be considered), *overruled on other grounds by State v. Casaus*, 1996-NMCA-031, 121 N.M. 481, 913 P.2d 669.

Additionally, the record belies Respondent's assertion. The record indicates that on March 7, 2006, "the parties appeared before [the district court] at a hearing on the matter, evidence was presented, and the Court ordered Respondent to file a response within ten (10) days regarding the issue of whether Respondent received proper notice of the case before the Commission." [RP 74] According to the Commission, Respondent failed to file a responsive pleading. [RP 74] The record also indicates that on September 12, 2007, Respondent filed its response to the Commission's motion to enforce, claiming that Respondent had no notice. [RP 107-08] The record reflects there was a hearing, on December 3, 2007, on the motion to enforce the Commission's judgment. [RP 115] Therefore, Respondent was able to make its argument that it had no notice and to support its argument with evidence. It could have done so by briefing and certainly could have done so at the hearing on December 3, 2007. There is nothing in the record to indicate that Respondent asked the court for time or opportunity to present evidence regarding notice. Respondent's argument that there was never a hearing on notice and the implication that it was denied due process are unpersuasive. The record supports a conclusion that Respondent had multiple opportunities to be heard on this specific issue.

Consequently, we reject Respondent's claim that there was never a hearing and that it was denied due process.

For these reasons, we hold that the evidence supports a finding and conclusion that Respondent had proper notice and that Respondent has not demonstrated that the court erred in enforcing the Commission's order.

**B.     Substantial Evidence**

Respondent also contends that it is not recognized in the "category" contemplated by the Human Rights Act. [Amended DS 7]  We interpret this to mean that the Act does not apply because Mr. Townsend was not its employee.  Our notice proposed to affirm on this issue because Respondent did not inform us of the argument nor of the evidence presented to the district court, and we are not told of the reasoning by the district court in rejecting the argument.  *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990) (stating that the appellate court presumes that the trial court is correct, and that the burden is on the appellant to clearly demonstrate that the trial court erred).  In its memorandum, Respondent has not responded to our concern, but instead continues to rely solely on the affidavit of Mr. Chavez, while giving us no information about contrary evidence. [MIO 5]  We could affirm for this reason alone.  *See Amrep Southwest v. Town of*

*Bernalillo*, 113 N.M. 19, 22, 821 P.2d 357, 360 (Ct. App. 1991) (rejecting the appellant's claim that the evidence was inadequate to support the factfinder's decision because the appellant did not set forth the relevant evidence). We also note that Mr. Chavez's affidavit refers to three exhibits that are attached to it, but the record does not contain these exhibits. [RP 110-14] "Matters outside the record present no issue for review." *State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990).

Moreover, whether Mr. Townsend was an employee is a factual issue that was resolved against Respondent before the Commission and enforced by the district court. [RP 5 (FOF 1)] "[W]hen there is a conflict in the testimony, we defer to the trier of fact." *Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33. We assume that, during the administrative hearing, Mr. Townsend testified that he was employed by Respondent. Additionally, there is evidence in the record that Mr. Townsend was listed on a document filed with the New Mexico Public Regulation Commission as a vice president of Respondent. [RP 81] Respondent has failed to demonstrate that there is not substantial evidence supporting the finding that Mr. Townsend was its employee.

In its memorandum in opposition, Respondent again relies on summary judgment standards to argue that there is a genuine issue of material fact about whether Mr. Townsend was its employee. [MIO 5] But this is not a summary judgment proceeding. The Commission and the district court reviewed the evidence, and ultimately decided that Mr. Townsend was an employee of Respondent. Whatever genuine issue of material fact existed has now been decided. Respondent's reliance on summary judgment standards is unpersuasive.

For the foregoing reasons, we affirm the district court's order denying Respondent's motion to reconsider.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**CELIA FOY CASTILLO, Judge**