# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NANCY LEWIS,**

  Plaintiff-Appellant,

v.                                                                    **NO. 29,184**

**RIO GRANDE SUN and**
**KEVIN BERSETT,**

  Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Timothy L. Garcia, District Judge**

Daniel Yohalem
Santa Fe, NM

for Appellees

Nancy Lewis
Espanola, NM

Pro se Appellant

# MEMORANDUM OPINION

**KENNEDY, Judge.**

Plaintiff-Appellant Nancy Lewis (Plaintiff), filing pro se, appeals the district court's judgment dismissing with prejudice four consolidated cases against Defendants-Appellees Rio Grande Sun and Kevin Bersett (Defendants). We issued a calendar notice proposing to summarily affirm the district court. Plaintiff filed a

timely memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**DISCUSSION**

We address Plaintiff's claims of error as we did in the calendar notice. We first address Plaintiff's contention that the district court erred by not ruling on several motions. We then address Plaintiff's challenges to the district court's rulings on her claims concerning her contract with Defendants, the ownership of her work, the investigation of her bank account, and the public records' request.

Turning to the first set of issues, Plaintiff continues to argue that the district court erred in not ruling on several motions and not setting a trial date in compliance with the rules of civil procedure. [DS 2; MIO 4-6] In our calendar notice, we noted that the district court's judgment indicated that the court ruled against Plaintiff on all matters raised in the four consolidated cases. [RP 144-46 (all cites to the record proper for CV-2007-326 unless noted)] We therefore proposed to reject Plaintiff's argument that the district court failed to rule on her motion to disqualify and punish, her motion to censure, and her motion for reconsideration of the order requiring her to pay witness fees. We also proposed to conclude based on our review of the record that there did not appear to be any merit to Plaintiff's motions. Plaintiff does not

2

persuade us that our proposed disposition of these issues was incorrect.

Despite Plaintiff's contention that the court did not take testimony on the motions concerning Defendant's attorney, [MIO 4] the record indicates that Defendants responded to Plaintiff's motions by denying the allegations. [RP 73-74] Plaintiff's response also indicates that the parties discussed the allegations before the court at a hearing. [MIO 5] In addition, Plaintiff acknowledges that she did not subpoena her witnesses to testify due to her misunderstanding about the trailing docket, which is a matter we discuss further below. [DS 2; MIO 10-11] Accordingly, we are not persuaded that the district court improperly prevented Plaintiff from presenting any relevant, admissible evidence she might have to support her claims. We continue to believe that the district court was entitled to consider the evidence before it and reject Plaintiff's version of events. *See Buckingham v. Ryan,* 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 (stating that when there is a conflict in the evidence we defer to the trier of fact).

With respect to the motion for reconsideration, we noted in our calendar notice that it appeared that the district court relied on appropriate grounds for requiring Plaintiff to pay witness fees. [RP 75-76] We remain persuaded that Plaintiff's motion for reconsideration simply disagreed with the court's ruling without offering any new

evidence or relevant argument. [Id. 111] As Plaintiff reiterates the same argument on appeal, [MIO 5-6] we see no basis for reversing the district court's ruling on this matter.

Turning to Plaintiff's contention that the district court erred by not setting a trial date in compliance with Rule 1-016 NMRA and Rule 1-040 NMRA, [DS 2; MIO 6] Plaintiff has not persuaded us that the district court failed to comply with the rules of civil procedure. As we noted, the district court properly followed the rules by entering a scheduling order and a pretrial order pursuant to Rule 1-016. [RP 82-84, 119-127] Plaintiff concedes that she incorrectly assumed that a trial would not take place because the matter was placed on a trailing docket. [MIO 6] To the extent that Plaintiff is arguing that we should give her special consideration because she is representing herself and lacks experience, Plaintiff is wrong. Pro se litigants must comply with the rules and orders of the court and will not be treated differently from litigants with counsel. *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84. This extends to adequately procuring one's evidence and adequately presenting it to the Court.

We therefore affirm on all the matters raised in Plaintiff's first issue.

We next turn to the numerous claims of error raised in Plaintiff's second issue.

[DS 3] We first note that in our calendar notice we directed Plaintiff to set forth evidence that supports both her position and the district court's ruling. *See* Rule 12-208(D)(3) NMRA (requiring "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"); *Thornton v. Gamble,* 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) (same); *Amrep Southwest, Inc. v. Town of Bernalillo,* 113 N.M. 19, 22, 821 P.2d 357, 360 (Ct. App. 1991) (stating that where the appellant does not set forth the relevant evidence, a claim that the evidence does not support the judgment will be rejected). We also requested Plaintiff to set forth legal authority supporting her arguments. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (holding that arguments unsupported by citations to authority will not be reviewed). In response, Plaintiff only discusses facts that she assumes are favorable to her position. [MIO 5-12] In addition, Plaintiff has only provided citation to legal authority on one issue, even though that authority is irrelevant to the matters before us on review. [MIO 2-4] Plaintiff contends that she does not have access to her files or legal resources, which would enable her to respond more fully to the calendar notice. [MIO 1-2] Although Plaintiff asks for this Court's indulgence, we remind Plaintiff that it is her burden on appeal to set forth the relevant facts and legal authority and that we hold her to the same standard as litigants with

counsel. *See Bruce*, 1999-NMCA-051, ¶ 4.

Moreover, we remain persuaded that Plaintiff's claims of error are without merit. With respect to Plaintiff's challenges to the contract claims, we noted previously that it appeared that the district court could properly conclude based on the evidence presented by Defendants that Plaintiff was an at-will employee who could be terminated at any time for any or no reason. [RP 120] We noted that the record indicates that Defendants presented evidence that Plaintiff was fired after less than three weeks on the job after she told Defendants that she had purchased marijuana.[1] [Id.] We further noted that the record indicates that Defendants presented evidence that Plaintiff did not work overtime and that Defendants did not owe her any wages or expenses. [Id.] In response, Plaintiff contends that the district court apparently based its rulings on Defendant's testimony and claims that much of it was controverted by Plaintiff's evidence. [MIO 6-9] Although Plaintiff argues that there was evidence to support her claims, we leave it to the trier of fact to evaluate the credibility of witnesses and do not re-weigh evidence on appeal. *See Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 127, 767 P.2d 363, 366 (Ct. App. 1988) (stating that the trial court is in the best position to evaluate the credibility of

---

[1]That she now maintains that she made the statement but it was a lie seems to be of no effect when viewing the record of the proceedings below.

witnesses).

Plaintiff also continues to challenge the district court's finding that Plaintiff's notes and writing were not stolen by Defendants. [DS 3; MIO 2-4] In her response, Plaintiff sets forth legal authority concerning copyright infringement that she claims supports her position that an employee's work product is not the property of the employer if the employee is not receiving health benefits. [MIO 2-4] We find that Plaintiff's citation to such authority is misplaced. The district court's judgment expressly dismissed Plaintiff's copyright infringement claim because the federal courts have exclusive jurisdiction. [RP 144-46] Plaintiff acknowledges in her response that she recently filed a copyright infringement claim in federal court. [MIO 2] We therefore fail to see how Plaintiff's cited authority is relevant to this case. Moreover, to the extent the ownership of Plaintiff's work product is relevant to this case, the cited authority does not persuade us that the district court would have been wrong in rejecting a claim that Defendants stole her work. As we noted previously, Plaintiff was employed as a reporter for a newspaper. Thus, regardless of whether Plaintiff received health insurance benefits, we cannot conclude that the district court erred if it determined that Defendants were entitled to use any work that Plaintiff produced during her employment.

Plaintiff continues to claim that the district court erred by "failing to order a

police investigation *sua sponte* of the invasion of [Plaintiff's] bank accounts." [DS 3; MIO 9-11] Plaintiff claims that the district court should have ordered an investigation because unexplained charges had been made on her bank account, which she claims may have been connected somehow to an extortion-bribery deal between Defendants and a former judge. [MIO 11-12]  Plaintiff's arguments are entirely speculative and unsupported by the evidence.  In addition, Plaintiff cites to no authority compelling, much less allowing the district court to order an investigation in these circumstances. We therefore reject Plaintiff's argument on this issue.

Finally, Plaintiff has not persuaded us that the district court erred in finding that Defendants had not committed forgery by using Plaintiff's name on an e-mail to the New Mexico State Police. [Id.] In our calendar notice, we noted that the record indicates that Defendants presented evidence that they made a public records' request in Plaintiff's name for a story on which she was working.  [RP 25-26 (CV-2007-58)] Thus, we proposed to hold that the request fell within the scope of her duties as a reporter.  In response, Plaintiff simply reiterates that a forgery occurred and states that she would like to be able to cite case law because she claims it would support her charge but she is not able to do so. [MIO 11-12] Under these circumstances, we cannot conclude the district court erred in rejecting Plaintiff's claim that Defendants committed forgery.

We have attempted to address Plaintiff's arguments to the best of our ability. *See Clayton v. Trotter*, 110 N.M. 369,  373, 796 P.2d 262, 266 (Ct. App. 1990). However, Plaintiff has not persuaded us that she has set forth recognized causes of action or that there is any merit to her claims.  We therefore affirm the district court's judgment dismissing all of Plaintiff's claims with prejudice.

**CONCLUSION**

For these reasons, and those in the calendar notice, we affirm the district court.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**CELIA FOY CASTILLO, Judge**


_____
**ROBERT E. ROBLES, Judge**