This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: April 8, 2024**

**No. S-1-SC-39541**

**PROVISIONAL GOVERNMENT OF
SANTA TERESA, a New Mexico
non-profit corporation, MARY
GONZALEZ, WILFREDO SANTIAGO-
VALIENTO, SONIA SANTIAGO,
TOMMY HIGGINS, SACH SUE
COCHRAN, EVELIA CHAPARRO,
RALPH ENCIANS, VICKIE
STANFIELD, JOHNNY STANFIELD,
PAUL MAXWELL, STEPHEN D.
WATSON, KRAIG L. CARPENTER,
and EDWINA SEISS,**

Appellants/Plaintiffs-Petitioners/Respondents,

v.

**CITY OF SUNLAND PARK,**

Appellee/Defendant-Respondent/Petitioner,

and

**SOCORRO PARTNERS I, LP a/k/a
SOCORRO PARTNERS LP d/b/a
SOCORRO PARTNERS 1, LTC,**

Defendant-Interested Party,

and

**DOÑA ANA COUNTY BOARD OF COUNTY
COMMISSIONERS,**

Intervenor-Appellant.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Manuel I. Arrieta, District Judge**

Mynatt Springer P.C.
Blaine T. Mynatt
Bradley A. Springer
Alan J. Dahl
Las Cruces, NM

for Petitioner

New Mexico Local Government Law, LLC
Randy M. Autio
Randall D. Van Vleck
Lea Corinne Strife
Albuquerque, NM

for Respondents

Dickinson Wright, PLLC
David M. Mirazo
El Paso, TX

for Interested Party Socorro Partners

Office of the Doña Ana County Attorney
Nelson J. Goodin
Las Cruces, NM

for Intervenor Doña Ana County Board of County Commissioners

## DISPOSITIONAL ORDER OF AFFIRMANCE

**PER CURIAM.**

**{1}**     This matter having come before the Court upon the City of Sunland Park's (Sunland Park's) appeal from the Court of Appeals memorandum opinion in the matter of *Provisional Gov't of Santa Teresa v. City of Sunland Park*, A-1-CA-36279, mem. op. (N.M. Ct. App. Jul. 25, 2022) (nonprecedential), *see* Rule 12-502(A) NMRA ("This rule governs petitions for the issuance of writs of certiorari seeking review of decisions of the Court of Appeals.");

**{2}**     The Court having reviewed the briefs of the parties, and otherwise having been fully informed on the issues and applicable law;

**{3}**     The Court having chosen to exercise its discretion under Rule 12-405(B) NMRA to dispose of a case by nonprecedential order;

**IT IS THEREFORE ADJUDGED THAT:**

**{4}**     In 2015, the residents of the unincorporated territory of Santa Teresa—organized into a non-profit corporation, the Provisional Government of Santa Teresa (PGST)—petitioned the Doña Ana Board of County Commissioners (Doña Ana Board) to incorporate as a new municipality and the petition was denied.

**{5}**     PGST appealed to the district court and the district court affirmed the Doña Ana Board. *See* Amended Final Appellate Order from an Administrative Hearing, *Provisional Gov't of Santa Teresa v. Doña Ana Cnty. Bd. of Comm'rs and City of Sunland Park*, D-307-CV-2015-02653 (3rd Jud. Dist. Ct. Sept. 19, 2016). PGST then appealed to the Court of Appeals and the Court of Appeals reversed the Doña Ana Board's order denying PGST's incorporation petition, and remanded to the district court with instructions "to reverse the Doña Ana Board's decision and instruct the Doña Ana Board to address PGST's claim that it can provide municipal services more quickly than Sunland Park, and whether PGST's petition otherwise satisfies the requirements of Sections 3-2-1 to -9." *Provisional Gov't of Santa Teresa v. Doña Ana Cnty. Bd. of Comm'rs*, 2018-NMCA-070, ¶ 32, 429 P.3d 981.

**{6}**     On remand, the Doña Ana Board again denied PGST's incorporation petition on the merits. Order Regarding the Petitioners' Municipal Services Plan and Compliance with Statutory Requirements for Incorporation, *In re Petition for Incorporation of City of Santa Teresa* (Bd. of Cnty. Comm'rs of Doña Ana Cnty. July 14, 2021). PGST appealed the Doña Ana Board's decision to the district court, where it remains pending. Amended Notice of Hearing, *Provisional Gov't of Santa Teresa v. Doña Ana Cnty. Bd. of Comm'rs*, D-307-CV-2021-01818 (3rd Jud. Dist. Ct. Dec. 22, 2023).

**{7}**     In 2016, while the incorporation petition was pending on appeal, Socorro Partners I, LP a/k/a Socorro Partners LP d/b/a Socorro Partners 1, LTD (Socorro Partners), a private corporation, successfully petitioned Sunland Park to annex several parcels of its land that lay within the unincorporated territory of Santa Teresa—parcels which were also included in PGST's pending 2015 incorporation petition.

**{8}**     On PGST and the Doña Ana Board's appeal of the Sunland Park's annexation decision, the district court affirmed the annexation. *See* Final Order, *Provisional Gov't of Santa Teresa v. City of Sunland Park*, D-307-CV-2016-02087 (3rd Jud. Dist. Ct. Feb. 23, 2017). The Court of Appeals then reversed the district court, holding that the district court below "had no basis by which to affirm the approval of Socorro Partners' annexation petition," in light of the pending incorporation proceedings. *Provisional Gov't of Santa Teresa*, A-1-CA-36279, mem. op. ¶¶ 11-12. Applying the doctrine of prior jurisdiction, the Court of Appeals concluded that the incorporation petition had priority over the annexation petition because it was filed first and, thus, the annexation proceedings "should never have been initiated, and certainly should not have proceeded to the extent they have." *Id.* ¶ 11.

**{9}**     In its petition for writ of certiorari, Sunland Park asks this Court to reverse the Court of Appeals' memorandum opinion in *Provisional Gov't of Santa Teresa*, A-1-CA-

36279, mem. op., on the grounds that PGST's incorporation petition lost priority over the annexation petition when the Doña Ana Board denied the incorporation petition.

**{10}** The doctrine of prior jurisdiction requires that "the court first obtaining jurisdiction retains it as against a court of concurrent jurisdiction in which a similar action is subsequently instituted between the same parties seeking similar remedies involving the same subject matter." *Amrep S.W., Inc. v. Town of Bernalillo*, 1991-NMCA-110, ¶ 7, 113 N.M. 19, 821 P.2d 357 (quoting *In re Doe*, 1982-NMCA-115, ¶ 13, 98 N.M. 442, 649 P.2d 510 (*overruled on other grounds by State v. Roper*, 1996-NMCA-073, ¶ 12 n.3, 122 N.M. 126, 921 P.2d 322)); *see also State ex rel. Parsons Mining Co. v. McClure*, 1913-NMSC-034, ¶ 16, 17 N.M. 694, 133 P. 1063 ("[A]s between courts of concurrent jurisdiction, the first acquiring jurisdiction of a subject matter of an action is permitted to retain it to the end."). The doctrine applies equally to administrative proceedings and it has been applied to annexation disputes in New Mexico. *Amrep*, 1991-NMCA-110, ¶ 8.

**{11}** The Court agrees with the Court of Appeals' conclusion that, pursuant to the doctrine of prior jurisdiction, PGST's incorporation petition is entitled to priority over Socorro Partners' annexation petition because the incorporation petition was filed first and it is still being litigated on remand in the matter of *Provisional Gov't of Santa Teresa*, D-307-CV-2021-01818.

**{12}** The incorporation petition has not lost priority while pending on appeal and subsequent remand, *see* 21 C.J.S. *Courts* § 255 (2023) ("[The first] court is not to be obstructed in the legitimate exercise of its powers by a court of concurrent or coordinate jurisdiction but is subject only to appellate authority.").

**{13}** Sunland Park and Socorro Partners also argue that PGST and the Doña Ana Board do not have standing to challenge the annexation. This Court concludes that PGST and the Doña Ana Board have standing to appeal the annexation petition because PGST and the Doña Ana Board suffered injury that was caused by the annexation that is "likely to be redressed by a favorable decision," *see ACLU of N.M. v. City of Albuquerque*, 2008-NMSC-045, ¶¶ 1, 10, 144 N.M. 471, 188 P.3d 1222 ("[O]ur courts have generally required that a litigant demonstrate injury in fact, causation, and redressability to invoke the court's authority to decide the merits of a case.").

**{14}** NOW, THEREFORE, IT IS ORDERED that the memorandum opinion of the Court of Appeals is hereby affirmed.

**{15}** IT IS FURTHER ORDERED that this case is remanded to the district court with instructions to stay the annexation proceedings in district court until such time as the incorporation proceedings—including all subsequent appeals of the district court's forthcoming decision in the matter of *Provisional Gov't of Santa Teresa*, D-307-CV-2021-01818—are concluded.

**{16} IT IS SO ORDERED.**

**C. SHANNON BACON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**